UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DOVER LIMITED,

                          Plaintiff,

          -against-

ALAIN ASSEMI, HARTSFIELD CAPITAL
SECURITIES, INC., HARTSFIELD CAPITAL
GROUP, STEPHEN J. LOVETT, JOHN H. BANZHAF,
DELBERT D. REICHARDT,
MANSELL CAPITAL PARTNERS, LLC,
THOMAS O. BEGLEY, THOMAS O. BEGLEY &
ASSOCIATES, TJ MORROW and TJ MORROW PC,

                        Defendants.

------------------------------------------------------------------X

08 CV 1337 (LTS)(JCF)

**ANSWER AND
CROSS-CLAIM**

Defendants Argosy Capital Securities, Inc. (formerly known as "Hartsfield Capital Securities, Inc."), John H. Banzhaf, and Delbert D. Reichardt (sometimes collectively referred to herein as "Defendants"), by their attorneys, Eisenberg Tanchum & Levy, for their answer allege as follows:

<u>The Parties</u>

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 4, 5, 8, 9, 10, and 11 of the complaint.

2. Deny the allegations contained in paragraph 3 of the complaint except admit that Argosy Capital Securities, Inc., whose name was changed on April 6, 2006 from Hartsfield Capital Securities, Inc. ("Hartsfield Capital Securities"), is a Georgia corporation.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except admit that Defendant Banzhaf is a resident of Georgia.

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except admit that Defendant Reichardt is a resident of Georgia.

<u>Jurisdiction and Venue</u>

5.  The allegations contained in paragraphs 12 and 13 of the complaint require a legal conclusion and do not, therefore, require a response. In the event that the allegations contained in paragraphs 12 and 13 are deemed to require a response, then Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, except deny that any of the Defendants were introduced to plaintiff or that Defendants are guilty of any wrongdoing.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 and 16 of the complaint.

8.  Deny the allegations contained in paragraph 17 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Defendant Assemi claimed to know, the investment advice allegedly given to Plaintiff, and the litigation instituted by plaintiff against Defendant Assemi and A.B. Watley, Inc.

9.  Deny the allegations contained in paragraph 18 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made by Defendants Assemi and Lovett.

10. Deny the allegations contained in paragraph 19 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning claims allegedly made by Defendant Assemi.

11. Deny the allegations contained in paragraphs 20 and 21 of the complaint.

12. Deny the allegations contained in paragraphs 22 and 23 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Hartsfield Capital Group (the "Hartsfield Group") and Lovett.

13. Deny the allegations contained in paragraph 24 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff visited the United States.

14. Deny the allegations contained in paragraphs 25 and 26 of the complaint.

15. Deny the allegations contained in paragraph 27 of the complaint, except admit that Defendant Banzhaf ,on behalf of Mansell Capital Partners and at the instruction of Defendant Lovett, sent $97,455 to Plaintiff.

16. Deny the allegations contained in paragraphs 28, 29, 30, 31, 33  and 34 of the complaint, except (a) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Begley other than to deny that Defendant Begley was an employee of Hartsfield Capital Securities or otherwise authorized to act on its behalf, and (b) admit that Defendant Banzhaf, acting at the

behest of defendants Lovett and Bagley, represented to Plaintiff that a claim had been made against William Kerr's insurer in an attempt to recover funds which had been invested in the William Kerr Trust and communicated to Plaintiff representations by the attorney for Mansell Capital Partners that certain funds would be sent to Plaintiff.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 32, 35 and 36 of the complaint.

18. Deny the allegations contained in paragraph 37 of the complaint, except admit that Defendant Reichardt sent an e-mail to Wendy Yap of Plaintiff concerning the obligation of Mansell Capital Partners, and refer the Court to the text of the e-mail for its contents.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint, except deny that Hartsfield Capital Securities had previously told Plaintiff that an insurance policy protected the funds.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 39 of the complaint.

21. Deny the allegations contained in paragraph 40 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Begley's actions.

22. Deny the allegations contained in paragraphs 41 and 42 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Defendant Begley told Plaintiff.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 43 and 44 of the complaint, except deny that Hartsfield Capital Securities was ever in possession of Plaintiff's money or lost Plaintiff's money.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, except deny that Defendant Morrow was employed by Hartsfield Capital Securities.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54 and 55 of the complaint.

<u>First Cause of Action</u>

26. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 56 of the complaint.

27. Deny the allegations contained in paragraphs 57, 58, 59, 60, 61, and 62 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

<u>Second Cause of Action</u>

28. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 63 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint, except deny that defendant Morrow ever acted as counsel for Hartsfield Capital Securities.

30. Deny the allegations contained in paragraphs 65 and 66 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

Third Cause of Action

31. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 67 of the complaint.

32. Deny the allegations contained in paragraphs 68 and 69 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

Fourth Cause of Action

33. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 70 of the complaint.

34. Deny the allegations contained in paragraphs 71 and 72 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

Fifth Cause of Action

35. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 73 of the complaint.

36. Deny the allegations contained in paragraphs 74, 75, 76, 77 and 78 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and

deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

<u>Sixth Cause of Action</u>

37. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 79 of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 80, 81, 82 and 83 of the complaint, except deny that Defendant Assemi was ever an agent, employee or representative of Defendant Hartsfield Capital Securities or ever authorized to speak on its behalf.

39. Deny the allegations contained in paragraphs 84, 85, 86, 87, 89, 90, 91 and 92 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

40. Deny the allegations contained in paragraph 88 of the complaint.

<u>Seventh Cause of Action</u>

41. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 93 of the complaint.

42. Deny the allegations contained in paragraphs 94, 95, 96, 97 and 98 of the complaint.

43. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 99, 100, 101, 102, and 103 of the complaint.

44. Deny the allegations contained in paragraph 104 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny

knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

### Eighth Cause of Action

45. Repeat and reallege the paragraphs hereof responsive to the allegations repeated and realleged in paragraph 105 of the complaint.

46. Deny the allegations contained in paragraph 104 of the complaint as they relate to Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants in this action.

### First Affirmative Defense

47. The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

48. Defendant Hartsfield Capital Securities, which was incorporated in Georgia in 1998, (and changed its name to Argosy Capital Securities, Inc. on April 6, 2006) was at all relevant times and continues to be a company providing broker-dealer services. Its principal place of business is located at 1105 Lakewood Parkway, Alpharetta, Georgia 30004.

49. The principals of Defendant Hartsfield Capital Securities have at all relevant times been, and continue to be, Defendants Banzhaf and Reichardt.

50. At all relevant times Defendant Hartsfield Capital Securities has been, and continues to be, a member of FINRA (formerly "NASD") and SIPC, and registered with the United States Securities and Exchange Commission as a broker-dealer.

51. At all relevant times Defendants Banzhaf and Reichardt have honored and maintained the corporate integrity of Defendant Hartsfield Capital Securities.

52. At all relevant times Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, have not maintained residences, offices, employees or agents in the State of New York nor have any of them conducted business in the State of New York, both in general, and with specific reference to the claims set forth in this action, sufficient to subject them to the personal jurisdiction of a court, federal or state, sitting in the State of New York.

### Third Affirmative Defense

53. At all relevant times Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, had no contractual agreement with plaintiff nor had any obligations, contractual or fiduciary, to Plaintiff.

54. The claims of the complaint which rest on the existence of such obligations cannot, therefore, be maintained.

### Fourth Affirmative Defense

55. Plaintiff cannot pierce the corporate veil of Defendant Hartsfield Capital Securities and thereby seek to hold Defendants Banzhaf and Reichardt liable for any liabilities of that corporation.

### Fifth Affirmative Defense

56. Between 2003 and 2006 Plaintiff conducted business with defendants other than Defendants Hartsfield Capital Securities, Banzhaf and Reichardt.

57. Plaintiff, as a result of its continued business dealings with these other defendants, is estopped from complaining of any act or omission on the part of Defendants Hartsfield Capital Securities, Banzhaf and Reichardt that relate to those dealings.

<u>Sixth Affirmative Defense</u>

58. Plaintiff, as a result of its years working with the defendants other than Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, has waived any rights it may have had against Defendants Hartsfield Capital Securities, Banzhaf and Reichardt.

<u>Seventh Affirmative Defense</u>

59. Plaintiff, as a result of its years working with the defendants other than Defendants Hartsfield Capital Securities, Banzhaf and Reichardt, has ratified the actions undertaken by Defendants Hartsfield Capital Securities, Banzhaf and Reichardt.

<u>Eighth Affirmative Defense</u>

60. Plaintiff has failed and neglected to use reasonable care to minimize, set-off and mitigate the losses, injuries and damages complained of, if any.

<u>Ninth Affirmative Defense</u>

61. Plaintiff has failed to plead fraud against Defendants Hartsfield Capital Securities, Banzhaf and Reichardt with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

<u>Tenth Affirmative Defense</u>

62. No independent claim for conspiracy exists under either federal or New York State law.

<u>Eleventh Affirmative Defense</u>

63. Plaintiff's handling of its own financial affairs was responsible for any damages alleged in its complaint that it might have sustained.

<u>Cross Claim</u>

64. Defendants Hartsfield Capital Securities, Banzhaf and Reichardt rendered services to Plaintiff solely as agents of any or all of co-defendants Hartsfield Capital Group, Stephen J. Lovett, Mansell Capital Partners, LLC, Thomas O. Begley and Thomas O. Begley & Associates.

65. In the event that any or all of Defendants Hartsfield Capital Securities, Banzhaf and Reichardt are found to be liable to Plaintiff, they are entitled to contribution from co-defendants Hartsfield Capital Group, Stephen J. Lovett, Mansell Capital Partners, LLC, Thomas O. Begley and Thomas O. Begley & Associates.

WHEREFORE, defendants Argosy Capital Securities, Inc. (formerly known as Hartsfield Capital Securities, Inc.), John H. Banzhaf and Delbert D. Reichardt demand judgment:

(1) dismissing the complaint against them, and awarding these defendants their costs and disbursements in this action; or

(2) in the event these defendants are found liable to Plaintiff, granting judgment over and against co-defendants Hartsfield Capital Group, Stephen J. Lovett, Mansell Capital Partners, LLC, Thomas O. Begley and Thomas O. Begley & Associates for any sum which may be recovered herein by Plaintiff against defendants Argosy Capital Securities, Inc. (formerly known as Hartsfield Capital Securities, Inc.), John H.

Banzhaf and Delbert D. Reichardt , together with the costs and disbursements of this action; and in either case granting defendants such other and further relief as this Court may deem just and proper.

Dated:        New York, New York
              April 13, 2008

                              EISENBERG TANCHUM & LEVY
                              Attorneys for Defendants John H.
                              Banzhaf, Delbert D. Reichardt and Argosy
                              Capital Securities, Inc. (formerly known as
                              Hartsfield Capital Securities, Inc.)


                              By: _____
                              Stewart L. Levy (SLL-2892)
                              675 Third Avenue
                              Suite 2900
                              New York, New York 10017
                              (212)599-0777

                              Of Counsel:

                              BAKER, DONELSON, BEARMAN,
                              CALDWELL, & BERKOWITZ, P.C.
                              3414 Peachtree Road, N.E.
                              Suite 1600
                              Atlanta, GA 30326

To:

LAW OFFICE OF THOMAS M. MULLANEY
Attorneys for Plaintiff Dover Limited
708 Third Avenue
Suite 2500
New York, New York 10017
(212) 223-0800