UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOVER LIMITED,                          :
                                        :
                                        :      08 CV 1337 (LTS)
                Plaintiff,              :
                                        :
    vs.                                 :      **ANSWER**
                                        :
ALAIN ASSEMI, et al.,                   :
                                        :
                Defendants.             :
                                        :
------------------------------------------------------------X
ALAIN ASSEMI,                           :
                                        :
                                        :
                Counter-Claim Plaintiff, :
                                        :
    vs.                                 :
                                        :
DOVER LIMITED,                          :
                                        :
                Counter-Claim Defendant. :
                                        :
------------------------------------------------------------X

COMES NOW, Plaintiff and purported Counter-Defendant Dover Limited ("Dover"), who files this Answer to Defendant and purported Counter-Plaintiff Alain Assemi's ("Assemi") Counterclaim filed in this action, and who would respectfully request that Assemi's Counterclaim be dismissed and would further show the Court as follows:

1.    As alleged in paragraph 1, Dover is without sufficient information or knowledge to form an opinion on whether Assemi resides outside United States or whether he uses 15650 Vineyard Blvd., Ste. A131, Morgan Hill, CA 95037 only as a mailing address.

2.    As alleged in paragraph 2, Dover admits that it is a Hong Kong company with an address as listed in the Counterclaim.

3.      As alleged in paragraph 3, Dover admits that Wendy Yap is an individual, officer and owner of the company.  Dover denies that Ms. Yap, who is not a Plaintiff in this lawsuit, whas authorized her attorney to accept service of process in this matter.

4.      As alleged in paragraph 4, Dover denies that Yip Yap is an officer/owner of the company.  Dover has no knowledge as to whom Assemi is referring when he describes an individual by the name of "Yip Yap".  Dover also denies that Thomas M. Mullaney represents any entity by the name of "Yip Yap," and no such entity is a party to this lawsuit.

5.      As alleged in paragraph 5, Dover admits that Mr. Mullaney is a licensed and practicing attorney whose business address is located at 708 3rd Avenue, Suite 2500, New York, NY 10017, United States.

6.      As alleged in paragraph 6, Dover admits that it is subject to the jurisdiction of this Court as alleged.  As described above, neither Wendy Yap nor Yip Yap is a party to this lawsuit nor have they authorized Mr. Mullaney to accept service of process on their behalf.  Thus, Dover denies that they are subject to the jurisdiction of this Court as alleged in paragraph 6.  Dover does, however, admit that Mr. Mullaney resides, may be found in, and transacts business in this district, and he would be subject to the personal jurisdiction of this Court if an appropriate action were properly served.  However, Mr. Mullaney, counsel for Dover in this lawsuit, has not sued Assemi nor appeared as a party in this matter.  Thus, Mullaney is not a proper Counter-Defendant in this case.  Nor would a plenary suit be proper because Mr. Mullaney has not been properly served by Assemi, and has had no dealings with him other than through the legal process, where Assemi has been a defendant, judgment debtor, and defendant again.

7.      Dover respectfully submits that the "allegations" in paragraph 7 require no response.

8.      Dover denies the allegations in paragraph 8

9.      Dover denies the allegations in paragraph 9.

10.     As alleged in paragraph 10, Dover is without sufficient information or belief to know whether its Complaint is broadcast over the internet or whether Assemi's daughter was upset when she read the allegations contained in its Complaint.

11.     As alleged in paragraph 11, Dover is without sufficient information or belief to know whether Assemi's business or ability to work has been impacted by this Complaint.

12.     Dover denies the allegations in paragraph 12.

13.     Dover denies the allegations in paragraph 13.

14.     Dover denies allegations in paragraph 14.

15.     Dover denies the allegations in paragraph 15.

16.     Dover denies the allegations in paragraph 16.

17.     Dover denies the allegations in paragraph 17 to the extent they allege Dover or Ms. Wendy Yap withdrew all the funds invested with Hartsfield Capital and/or Mansell Capital Partners, LLC.  However, Dover admits that there does appear to be a letter attached as exhibit A to Assemi's Counterclaim.

18.     Dover denies the allegations contained in paragraph 18 to the extent that they allege Ms. Yap withdrew her funds from Hartsfield after earning profits and suffered no losses.

19.     Dover denies the allegations contained in paragraph 19.

20.     Dover denies the allegations contained in paragraph 20.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, laches and estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the damages alleged in the verified complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the defendant.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff failed to cause effective service of the Summons and verified complaint to be made on defendant.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff, not defendant, breached the agreement between the parties.

## EIGHT AFFIRMATIVE DEFENSE

The damage alleged to have been sustained by plaintiff was caused in whole or in part by its own culpable conduct.

WHEREFORE  Plaintiff and Counter-Defendant Dover Limited respectfully requests that the relief in its Complaint be granted, that Defendant and Counter-Plaintiff Alain Assemi's Counterclaim be dismissed with prejudice in its entirety, and be awarded any such other and further relief as the Court deems just and proper.

Dated: April 21, 2008
       New York, NY

LAW OFFICES OF THOMAS MULLANEY


       /s/ Thomas M. Mullaney

By:  Thomas M. Mullaney
708 Third Avenue, Suite 2500
New York, NY 10017
(212) 223-0800
Attorneys for Plaintiff and Counter-Defendant
DOVER LIMITED

## CERTIFICATE OF SERVICE

Thomas M. Mullaney, an attorney admitted to practice law in the courts of the State of New York, a person over eighteen (18) years of age, and not a party to this action, affirms the following under penalties of perjury:

On April 21, 2008, I caused to be served by electronic mail the annexed ANSWER OF COUNTER-CLAIM DEFENDANT DOVER LIMITED on the following:

Alain Assemi, *Pro Se*
15650 Vineyard Blvd.
Ste. A131,
Morgan Hill, CA 95037

Defendants John H. Banzhaf, Delbert D. Reichardt and
Argosy Capital Securities, Inc.:
Stewart L. Levy
Eisenberg Tanchum & Levy
675 Third Avenue
New York, NY 10017

Defendants Thomas O. Begley and Thomas O. Begley Associates:
Jeremy D. Richardson
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084

Defendants TJ Morrow and TJ Morrow PC:
TJ Morrow, *Pro Se*
2501 Blue Ridge Road, Ste 150
Raleigh, NC 27607

which is the address designated by said attorney.

                        /s/ Thomas M. Mullaney
                        Thomas M. Mullaney (TM-4274)