UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DOVER LIMITED,                             :
                                           :
                                           :        08-CV-1337 (LTS)(JCF)
                        Plaintiff,         :
                                           :
        vs.                                :        **Fed.R.Civ.P. 26(f) Report**
                                           :
ALAIN ASSEMI, et al.,                      :
                                           :
                        Defendants.        :
                                           :
------------------------------------------------------------X

ALAIN ASSEMI,                              :
                                           :
                                           :
                Counter-Claim Plaintiff,   :
                                           :
        vs.                                :
                                           :
DOVER LIMITED,                             :
                                           :
                Counter-Claim Defendant.   :
                                           :
------------------------------------------------------------X

## PRELIMINARY PRE-TRIAL STATEMENT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rules"), and the Order for Conference of this Court dated February 27, 2008, counsel for the parties in the above-captioned action have conferred or attempted to confer and submit the following proposed scheduling order for the Court's consideration and endorsement.

**a.      Statement of the Issues:**

   **i.      Plaintiff's Statement -**

   Plaintiffs were the victim of a clear fraud perpetrated by the defendants, and the only issue is how to apportion the liability for the misdeeds of the defendants.  Defendant Assemi

introduced Plaintiff to the other defendants as investment professionals who would invest plaintiff's funds in short-term bank or corporate notes, and a securitized insurance premium program, which the defendants confirmed. Instead, they simply stole Plaintiff's funds, after occasionally repaying some of her own money as "interest" in Ponzi-scheme fashion.

### ii.    Securities Defendants' Statement –

Defendants Hartsfield Capital Securities, Inc., John H. Banzhaf and Delbert D. Reichardt (hereinafter referred to as the "Securities Defendants") contest this Court's jurisdiction over them as well as substantive liability. Specifically, the Securities Defendants assert that any actions undertaken by them with respect to the plaintiff were done as an agent for one or more of the co-defendants in this action. They neither gave advice to plaintiff nor entered into any agreements which would have created any obligations on their part to plaintiff. As such, to the extent that plaintiff has been damaged, it should seek relief against the co-defendants and not the Securities Defendants.

### iii.    <u>Morrow Defendants' Statement</u> –

Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts. A Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C)

### iv.    <u>Assemi Defendant's Statement</u> –

Assemi disagrees. Assemi moves to dismiss with prejudice pursuant to Rule 41(b) and Rule 401. Rule 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim

against the defendant." Fed. R. Civ. P. 41(b).    FN7. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401

Mr. Mullaney's actions to hide Wendy Yap and Yip Yap behind the labels "Plaintiff" and "Dover" is an obvious effort to prevent Wendy Yap's deposition testimony. This severely prejudices Defendant Assemi. The content and credibility of Ms. Yap's testimony is essential to Dover's claims and defendants' defense of those claims, and also to defendants' counterclaims. Wendy Yap is Dover's director, its corporate designee pursuant to Fed. R. Civ. P. 30(b)(6), and Dover's only witness with first-hand knowledge of the factual underpinnings of the litigation. Mr. Mullaney's original filing affirms this, as it mentions Ms. Yap throughout his entire filing for Dover.  However, upon receiving a counter-claim from Assemi naming Wendy Yap and Yip Yap as counter-defendants, their names suddenly disappeared from this case.  Mr. Mullaney misrepresents the facts when he claims he does not represent Ms. Yap, and therefore cannot accept service for her.  Mr. Mullaney is, in fact, the attorney of record for Ms. Yap in the last and present Dover case.  Mr. Mullaney claimed by email that he does not have a clue who Yip Yap is.  (Exhibit B) Mr. Mullaney conveniently omits his own argument, on court record, against deposing Yip Yap in the last Dover case.

Defendants are entitled to investigate the merits of the Yap-specific allegations in plaintiffs' complaint. According to these averments, Yap possesses the only information concerning the Assemi/Hartsfield introduction and defendants' allegedly fraudulent statements. In fact, as acknowledged in Mullaney's filing Yap was the only negotiator of the transaction on behalf of the corporate plaintiff and the recipient on their behalf of the alleged fraudulent statements delivered by defendants.  The preclusion of Yap's deposition testimony prevents

defendants from fashioning an effective defense to Dover's fraud-related and contract-related claims. Indeed, Yap is the "only person" at Dover with relevant information and the only person Mr. Assemi ever had contact with. Similarly, defendant has considerable need to explore, through Yap, Dover's knowledge of facts relevant to defendant's counterclaims.

     **v.**    **Begley Defendants and Group Defendants' Statement** –

Defendants Thomas O. Begley ("Begley") and Thomas O. Begley & Associates ("TOBA") (Begley and TOBA collectively referred to as the "Begley Defendants"), Stephen J. Lovett ("Lovett"), Hartsfield Capital Group ("Group") (Lovett and Group collectively referred to as the "Group Defendants"), also contest this Court's jurisdiction over them as well as substantive liability, and assert the same defenses and objections as set forth above by the Securities Defendants. The Begley Defendants and Group Defendants also contest: (i) plaintiff's misjoinder of parties to unrelated claims (apparently intended to bolster the insufficient ties to the Southern District of New York as a basis for jurisdiction and venue); and (ii) plaintiff's non-joinder of necessary parties. If plaintiff has asserted any claim for which it is entitled to recover damages, it should seek relief against the other defendants and not the Begley Defendants or Group Defendants.

**b.**    **Statement of Jurisdiction:**

     **i.**    **Plaintiff's Statement -** Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff Dover is a Hong Kong Corporation with its principal place of business located in Singapore. None of the defendants is incorporated in, reside in or have their principal place of business in Hong Kong nor Singapore. Thus, complete diversity of citizenship exists between the plaintiffs and defendants. The amount in controversy also exceeds $75,000. Based on the

diversity of citizenship and the amount in controversy, this Court has subject matter jurisdiction

pursuant to 28 U.S.C. §1332.

    **ii.**    **Securities Defendants' Statement on the lack of the Court's jurisdiction of the action:**

The Securities Defendants maintain that the Court does not have personal jurisdiction

over them. This issue is to be determined under the laws of the State of New York. *See*

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 45 U.S. 694, 711 (1982)

(Powell, J., concurring). New York CPLR 302 limits personal jurisdiction over foreign

defendants to specific causes of action arising out of business transacted or solicited in the state,

out of tortious conduct in the state, or out of tortious conduct committed outside the state which

injures a party within the state. Here, the Securities Defendants do not reside or do business in

New York, they did not commit any tortuous act within New York, they did not commit any act

injuring a party within New York, and they did not enter into any agreement with Plaintiff. *See*

*Ehrenfeld v. Mahfouz,* 9 N.Y.3d 501 (2007) (finding no personal jurisdiction where a party did

not purposefully avail itself of the privilege of conducing business within New York).


    **iii.**    **Morrow Defendants' Statement –**

None

    **iv.**    **Assemi Defendant's Statement –**

Mr. Assemi disagrees. The Court does not have jurisdiction in this case. None of the

parties reside in New York, nor did business in New York. Defendant's counterclaim was filed

in the event Jurisdiction is found to be valid.

    **v.**    **Begley and Group Defendants' Statement on the lack of the Court's jurisdiction over the action:**

The Begley Defendants and Group Defendants maintain that the Court does not have personal jurisdiction over them for the same reasons as set forth above by the Securities Defendants and incorporate their position as if set forth herein at length.

**c.    Material Uncontested or Admitted Facts:**

The Plaintiff and the Securities Defendants, and the Begley and Group Defendants, are presently unable to agree on any material facts which are not in dispute.

**i.    Morrow Defendants' Statement –**

Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts, except Defendant Morrow, PC did receive a wire transfer from Plaintiff. The facts concerning that wire are discussed within a Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. All other allegations applicable to Defendants Morrow are denied. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

**ii.    Assemi Defendant's Statement –**

Assemi, through Elfort, introduced Ms. Yap to Tom Begley. Beyond that, he has no knowledge of what actually occurred between Ms. Wendy Yap of Dover and Hartsfield /Morrow/et al. Ms. Yap, along with Hartsfield, informed Mr. Assemi that Ms. Yap had pulled her funds (in full) from all investments with Hartsfield. Mr. Assemi has provided a copy of that letter. Mr. Assemi had no further contact with Ms. Yap other than through her attorney, Mr. Mullaney. Ms. Yap now admits that was not the case, and she, along with Hartsfield, perpetrated a fraud upon Mr. Assemi, thereby discontinuing commissions. Mr. Assemi received

no further monies regarding Ms. Yap's investment with Hartsfield. Mr. Assemi was paid commissions from Hartsfield **as a "percentage of profits earned"**. This was what was purported to him by Hartsfield, and Mr. Assemi cannot confirm or deny whether this was true or not.

**d.      Statement of Uncontested Legal Issues:**

The Plaintiff and the Securities Defendants, and the Begley and Group Defendants, are presently unable to agree on any material facts which are not in dispute.

**i.      Morrow Defendants' Statement –**

Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts. A Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

**ii.     Assemi Defendant's Statement –**

Mr. Assemi disagrees. Defendant Assemi moves to dismiss with prejudice pursuant to Rule 41(b) and Rule 401. Rule 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).   FN7. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401 Mr. Mullaney has informed Mr. Assemi that he cannot take service for Wendy Yap even though he represents her. How then, will Wendy Yap provide deposition testimony? The lack of Yap's deposition testimony prejudices Defendant Assemi.

The Yap deposition is a crucial function of the discovery process. Defendants are entitled to investigate the merits of the Yap-specific allegations in plaintiffs' complaint. According to these averments, Yap possesses the only information concerning the Assemi/Hartsfield introduction and defendants' allegedly fraudulent statements. In fact, as acknowledged in Mullaney's filing Yap was the only negotiator of the transaction on behalf of the corporate plaintiff and the recipient on their behalf of the alleged fraudulent statements delivered by defendants. The loss of Yap's deposition testimony prevents defendants from fashioning an effective defense to Dover's fraud-related and contract-related claims. Indeed, Yap is the "only person" at Dover with relevant information and the only person Mr. Assemi ever had contact with. Similarly, defendant has considerable need to explore, through Yap, Dover's knowledge of facts relevant to defendant's counterclaims. Yap is Dover's director, its corporate designee pursuant to Fed. R. Civ. P. 30(b)(6), and Dover's only witness with first-hand knowledge of the factual underpinnings of the litigation.

e.    **Statement of Legal Issues to be Decided by Court:**

   i.    **Plaintiff's Statement** - Defendants had a fiduciary duty to speak truthfully to plaintiff, and to not omit material facts, in obtaining custody of Plaintiff's funds for investment management purposes. Defendants also had a fiduciary duty to manage Dover's funds as carefully as they would manage their own. Defendants had contractual obligations to Plaintiff as well. Defendants have also unjustly enriched themselves in an amount over $4,000,000 by retaining plaintiff's funds without legitimate cause, and refusing to return it despite several demands. The other legal issue to be determined by the Court will be apportioning responsibility for the frauds perpetrated by the defendants.

   ii.  **Securities Defendants' Statement of the legal issues to be decided by the Court:**

   1.   The extent, if any, of the Securities Defendants legal obligations to plaintiff.

2. The extent to which Plaintiff is responsible for any investment losses it may have sustained.

3. The extent to which the co-defendants other than the Securities Defendants (hereinafter referred to as the "Co-Defendants) are responsible to indemnify the Securities Defendants for any liability imposed upon the Securities Defendants in this action.

### iii.    Morrow Defendants' Statement –

Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts, except Defendant Morrow, PC did receive a wire transfer from Plaintiff. The facts concerning that wire are discussed within a Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. All other allegations applicable to Defendants Morrow are denied. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

### iv.    Assemi Defendant's Statement –

Mr. Assemi had no contract with Ms. Yap and/or Dover. Ms. Yap/Dover had a contract with Elfort. Mr. Assemi, as a full-time architect / mere "introducing party", did not have a fiduciary duty to Ms. Yap and/or Dover.

### v.    Begley Defendants and Group Defendants' Statement of the legal issues to be decided by the Court: [1]

---

[1] The listing of legal issues to be "decided by the Court" is not intended to waive any F.R.C.P. (12)(b) defenses that may be asserted by the Begley Defendants and Group Defendants.

Whether the Begley Defendants and Group Defendants owed any legal obligations to plaintiff and, if so, the nature and extent of same.

Whether Plaintiff or others prevented and/or relieved the Begley Defendants and Group Defendants' performance of such obligations (if any).

Whether defenses exist to obviate the Begley Defendants and Group Defendants' performance of such obligations (if any).

The extent to which Plaintiff is responsible for any losses it may have sustained.

The extent to which the co-defendants other than the Begley Defendants and Group Defendants are responsible to indemnify the Begley Defendants and Group Defendants for any liability imposed upon the Begley Defendants and Group Defendants in this action.

Whether Plaintiff has improperly asserted unrelated causes of action requiring separate trials of the unrelated claims.

**f.    Statement of Material Disputed Facts:**

**i.    Plaintiff's Statement of material disputed facts:**    After Defendant Assemi's introduction, Hartsfield claimed to Dover that it and its affiliates had substantial experience in foreign and domestic project financing ventures, and that these financing ventures had been highly financially profitable to its clients.  One such business venture discussed with Plaintiff was investing with Mansell Capital Partners ("Mansell"), a project finance vehicle managed and directed by Hartsfield and incorporated by Hartsfield Group as a "single purpose investment vehicle."

Mansell in turn would make its investments through secured short-term bank and corporate notes, or so Dover was told.    These notes were purportedly purchased at substantial

discounts and re-sold for a profitable return. These false claims were made by Defendants Assemi, Defendant Stephan Lovett, the President of Hartsfield Group, and John H. Banzhaf ("Banzhaf") as President of Hartsfield. They also told Dover that the account was backed by a $25MM fidelity bond. No such fidelity bond existed. Hartsfield agreed that Plaintiff could request the return of all or some of her principal on a moment's notice. That representation by Hartsfield and Defendant Begley was false.

After accepting Dover's funds on July 16, 2003, Hartsfield Group suddenly encountered "delays" in finding investments, as obliquely claimed by Stephan Lovett, also described as Hartsfield Group's President. After negotiation, Hartsfield agreed to return $2.5MM of Dover's money, and then introduced another investment program to entice Dover and keep the remaining $4.25MM. This time Dover's funds would be held in Hartsfield Capital Group's "attorneys insured escrow account," pending deployment to the Mansell Capital Partners account when an appropriate project finance opportunity became available, and only with Dover's approval. That representation was false.

In July 2004, Plaintiff met with Defendant Begley and other Hartsfield employees in New York, at the Tribeca Grand hotel. During the meeting, Hartsfield and Begley repeatedly stressed that Plaintiff's money was secure and substantial returns were being generated from her investments.

Plaintiff thereafter requested the return of all of its funds on: (i) November 16, 2004; (ii) December 13, 2004; (iii) February 18, 2005; (iv) March 1, 2005; (v) April 21, 2005; (vi) June 7, 2005; (vii) August 19, 2005; (viii) September 19, 2005; (ix) September 29, 2005; and (x) October 11, 2005. Each time Plaintiff requested the funds, Hartsfield stated that the funds would be coming shortly. Over the course of several months, the Hartsfield employees named as defendants all repeated this claim, falsely.

Defendant Begley, effectively admitting that Dover's funds had been misappropriated, now proclaimed his independence from Hartsfield and sorrow over the loss of Plaintiff's funds, and proposed that a new business be formed which would purchase term-life insurance policies at less than face value and collect the distributions at a later date. Begley also claimed that he and his new entity, Thomas O. Begley & Associates, would use this new business venture to pay back the $3.25 MM that Hartsfield had previously "borrowed" (in Begley's words) from Plaintiff. Hartsfield also independently acknowledged its obligation to re-pay Plaintiff her $3.25MM as well, and that Begley's willingness to assume that debt did not extinguish Hartsfield's obligation.

To start the business, Begley represented that a working capital loan of $900,000 was necessary. He also introduced a new person into the scheme, T.J. Morrow. Defendant Morrow is a New York attorney who is also General Counsel to Hartsfield, a fact that no defendant disclosed to Plaintiff.

Begley and Morrow flew from New York to Singapore in the summer of 2006. While in Singapore, Morrow and Begley discussed the business venture and the alleged steps being taken to recover Plaintiff's funds from the Canadian lawyer and his insurance policy. Both Morrow and Begley stressed that Plaintiff would recover the money Hartsfield had lost – whether through a collection process or through the new business venture.

Becoming suspicious about yet another excuse for why Dover had still not been repaid, Dover demanded: i) the return of its money, ii) a detailed description of where the $900,000 had been spent, and iii) supporting documents evidencing the distributions. From New York, Morrow sent Plaintiff a general e-mail purportedly listing where the money had been spent. No back-up documents or further explanations were provided. Not a single dime was returned, even though by Morrow's own account $313,360 of Plaintiff's money still remained.

**ii.    Securities Defendants' Statement of material disputed facts:**

1. Whether Hartsfield Capital Group is a separate and distinct corporate entity from defendant Hartsfield Capital Securities, Inc.

2. Whether Mansell Capital Partners is a separate and distinct corporate entity from Hartsfield Capital Securities, Inc.

3. Whether defendant Hartsfield Capital Securities and/or its principals, John H. Banzhaf and Delbert D. Reichardt, had any business relationship with plaintiff Dover Limited.

4. Whether Hartsfield Capital Securities, Inc., and its principals, John H. Banzhaf and Delbert D. Reichardt, owed any duty to plaintiff Dover Limited

5. Whether Hartsfield Capital Securities, Inc. and its principals Messrs. Banzhaf and Reichardt, had any involvement with the investment of funds provided by Dover Limited to Mansell Capital Partners, LLC.

6. Whether, to the extent that Messrs. Banzhaf and Reichardt had any material involvement with the investment of funds provided by Dover Limited to Mansell Capital Partners, LLC, it was merely in their capacity as agents for defendants Hartsfield Capital Group, Stephen J. Lovett, Mansell Capital Partners, LLC, Thomas O. Begley and/or Thomas O. Begley & Associates.

7. Whether Dover Limited knew about the investment of its monies in the William Kerr Trust and, if so, the extent of this knowledge.

**iii.    Morrow Defendants' Statement –**

Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts, except Defendant Morrow, PC did receive a wire transfer from Plaintiff. The facts concerning that wire are discussed within a Rule 12(b)(6) motion to dismiss the first, fourth,

sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. All other allegations applicable to Defendants Morrow are denied. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

    **iv.**    **Assemi Defendant's Statement –**

Mr. Assemi had no contract with Ms. Yap and/or Dover. Ms. Yap/Dover had a contract with Elfort. Mr. Assemi, as a full-time architect / mere "introducing party", did not have a fiduciary duty to Ms. Yap and/or Dover.

    **v.**    **Begley Defendants and Group Defendants' Statement of material disputed facts:**

Neither the Begley Defendants nor the Group Defendants had any involvement with the investment of funds provided by Plaintiff to Mansell Capital Partners, LLC.

Neither the Begley Defendants nor the Group Defendants had any involvement with the investment of funds provided by Plaintiff to Mansell Capital Partners, LLC.

Plaintiff knew of and authorized the investment of its monies in the William Kerr Trust.

The Begley Defendants did not agree to be liable for, or assume, the obligations, if any, of the other defendants to Plaintiff.

The Begley Defendants and Group Defendants believe that the below matters are issues of law. However, Plaintiff appears to treat these as issues of disputed fact. Thus, the Begley Defendants and Group Defendants set forth their positions with respect to such matters below:

The corporate defendants are separate, distinct, corporate entities from one another.

The corporate defendants are not affiliated and not legally liable for the acts of other corporate defendant(s).

The individual defendants are not liable for the acts of corporate defendants.

The Begley Defendants had no contractual relationship with Plaintiff with respect to the first alleged transaction (the purported "Hartsfield" scheme) and is not liable to the plaintiff in connection with the transaction involving TJ Morrow (the purported "Begley-Morrow" scheme).

The Group Defendants had no contractual relationship with plaintiff.

Neither the Begley Defendants nor the Group Defendants owed any duty to Plaintiff.

**g.    Statement of Legal Basis of Claims:**

**i.    Plaintiff's Statement -** Plaintiff asserts common law claims of fraud, breach of fiduciary duty, contract, unjust enrichment, conversion and conspiracy. In addition, Plaintiff is asserting a claim under Rule 10b-5 of the Securities Exchange Commission, and Section 10(b) of the Securities Exchange Act.

**ii.    Securities Defendants' Statement** – Not applicable

**iii.    Morrow Defendants' Statement –**

Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts, except Defendant Morrow, PC did receive a wire transfer from Plaintiff. The facts concerning that wire are discussed within a Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. All other allegations applicable to Defendants Morrow are denied. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

**iv.    Assemi Defendant's Statement –**

Mr. Assemi disagrees. Assemi had no fiduciary duty to Wendy Yap and/or Dover, and did not share in any unjust enrichment. Assemi did not receive any investment funds from Dover/Wendy Yap, or demands for return of funds, from Wendy Yap and/or Dover.

**h.**    **Statement of Legal Basis of Defenses:**

    **i.**    **Plaintiff's Statement -** none

    **ii.**    **Securities Defendants' Preliminary Statement on the Legal Basis For Each Affirmative Defense:**

      1.  First Affirmative Defense: Failure to State A Claim – FRCP 12(b)(6); Section 10b-5 of the Securities Exchange Act of 1934; Rule 10b-5 of the Securities and Exchange Commission;

      2.  Second Affirmative Defense: Lack of personal jurisdiction – FRCP 12(b)(2) and see item "b," above.

      3.  Third Affirmative Defense: Lack of any obligations, contractual or fiduciary, due by defendants to plaintiff. *Press v. Chemical Inv. Servs. Corp.*, 166 F.3d 529, 536 (2d Cir. 1999); *Rush v. Oppenheimer & Co.*, 681 F. Supp. 1045, 1055 (S.D.N.Y. 1988); *BigStar Entertainment, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 217 (S.D.N.Y. 2000).

      4.  Fourth Affirmative Defense: Failure to pierce corporate veil. *See Cordius Trust v. Kummerfeld*, 2007 U.S. Dist. LEXIS 63422 (S.D.N.Y. 2007).

      5.  Fifth Affirmative Defense: Estoppel. Plaintiff had a course of dealing and conduct with the Co-Defendants in this action and is therefore estopped from asserting claims against defendants. *See Heckler v. Community Health Servs.*, 467 U.S. 51, 59; 04 S. Ct. 2218; 81 L. Ed. 2d 42 (1984); and *Cohen v. Elephant Wireless, Inc.*, 2004 U.S. Dist. LEXIS 16583 (S.D.N.Y. 2004).

6.  Sixth Affirmative Defense: Waiver. *See Cohen v. Elephant Wireless, Inc.*, 2004 U.S. Dist. LEXIS 16583 (S.D.N.Y. 2004).

7.  Seventh Affirmative Defense: Ratification. *In re Thomas McKinnon Secs.*, 191 B.R. 976, 988 (S.D.N.Y. 1996).

8.  Eighth Affirmative Defense: Failure to mitigate losses, injuries and damages. *Louros v. Kreicas*, 367 F. Supp. 2d 572, 590 (S.D.N.Y. 2005); and *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir. N.Y. 1985).

9.  Ninth Affirmative Defense: Failure to Plead fraud with particularity. – FRCP 9(b) and *SEC v. KPMG LLP*, 412 F. Supp. 2d 349, 371 (S.D.N.Y. 2006).

10. Tenth Affirmative Defense: No independent claim for conspiracy. *See Vento & Co., LLC v. Metromedia Fiber Network*, 1999 U.S. Dist. LEXIS 3020 (S.D.N.Y. 1999).

11. Eleventh Affirmative Defense: Plaintiff responsible for its own mishandling of its financial affairs. *BigStar Entertainment, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 217 (S.D.N.Y. 2000).

### iii.     Morrow Defendants' Statement –

A Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. No answer has been filed by Defendants Morrow to date.

### iv.     Assemi Defendant's Statement –

Defendant Assemi appears to have cut and pasted the Affirmative Defenses from his Answer and Counter-Claim in his draft, to which Plaintiff respectfully refers the Court.

### v.     Begley Defendants and Group Defendants' Preliminary Statement on the Legal Basis For Each Affirmative Defense:

As of the time this report is being prepared, the time for the Begley Defendants and Group Defendants to appear, answer or otherwise move in response to the Complaint has not elapsed. Accordingly the Begley Defendants and Group Defendants are unable to provide substantive responses at this time.

i.    **Statement of Measure of Proof as to Claims and Defenses:**

   i.    **Plaintiff's Statement Regarding Measure of Proof and Burden of Proof** – The plaintiff bears the burden to prove by a preponderance of the evidence each of the elements of its claims against each defendant.  As a Counter-Claim Defendant, Counter-Claim Plaintiff has the burden of proof to establish each element of his claim.  Dover would then have the burden to establish one or all of its affirmative defenses by the preponderance of the evidence.

   ii.    **Securities Defendants' Statement Regarding Measure of Proof and Burden of Proof:**

   (a)    The Securities Defendants bear the burden of proof on their cross-claim against defendants Hartsfield Capital Group, Stephen J. Lovett, Mansell Capital Partners, LLC, Thomas O. Begley and Thomas O. Begley & Associates brought pursuant to Federal Rule of Civil Procedure 8 and 13 by a preponderance of the evidence.  To the extent that the Securities Defendants are named in this action they have been joined solely as a result of actions undertaken by the Securities Defendants solely as the agents of the other Co-Defendants.

   (b)    In the case of all of the Securities Defendants' affirmative defenses except defenses one and four, the burden rests with the Securities Defendants. The burden of proof for affirmative defenses one (failure to state a claim) and four (piercing the corporate veil) rests with plaintiff.

   (c)    The measure of proof is the preponderance of the evidence.

### iii.    Morrow Defendants' Statement –

A Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. No answer has been filed by Defendants Morrow to date. Upon such a filing this statement will should be amended.

### iv.    Assemi Defendant's Statement –

As a Counter-claim Plaintiff, Mr. Assemi has all supporting documentation. Dover's prior civil suit, the SEC suit that names Dover/Wendy Yap to substantiate their claim, and the subsequent losses incurred as a result, are all a matter of public record. Fraud claims naming Mr. Assemi from the Dover/Yap case have been available on a number of search engines, including Google. The Dover/Yap case is generally in the top three results under Alain Assemi.

Furthermore, Mr. Assemi is available for deposition testimony.

It is Ms. Wendy Yap, and Mr. Yip Yap, the directors of Dover, and legal signatories on the Dover/Elfort contract that appear to be unavailable for deposition testimony. Any contact Mr. Assemi had with Dover was exclusively through Ms. Yap. Mr. Assemi will be severely prejudiced without her accessibility. This is grounds for dismissal under Rule 41(b).

### v.    Begley Defendants and Group Defendants' Statement Regarding Measure of Proof and Burden of Proof:

As of the time this report is being prepared, the time for the Begley Defendants and Group Defendants time to appear, answer or otherwise move in response to the Complaint has not elapsed. Accordingly the Begley Defendants and Group Defendants are unable to provide substantive responses at this time.

**j.     Statement on Amendment of Pleadings:**

**i.     Plaintiff's Statement -** Plaintiff Dover anticipates that no amendment of the pleadings will be necessary.

**ii.     Securities Defendants' Statement –**

Securities Defendants believe that the addition of William B. Kerr, the Canadian attorney to whom plaintiff's funds were transferred,  and Gordon Mascarenhas, a businessman in Oakville, Ontario, who either advised Mansell Capital Partners LLC, to invest in Kerr's insured trust account and/or who advised Kerr of how to dispose of that money, is required.

Depositions of these two men (or, at minimum, responses to letters rogatory) in order to discover their exact roles in these transactions is suggested prior to amending the pleadings either to bring them in as additional defendants or as third party defendants in a third party action brought by Securities Defendants Hartsfield Capital Securities, Inc., Banzhaf and Reichardt.

Based upon the experiences of Canadian counsel for Mansell Capital Partners, LLC, in the action against Kerr, serving Messrs Kerr and Mascarenhas may be difficult, and their cooperation in this matter is doubtful.

**iii.     Morrow Defendants' Statement –**

An amendment will be required as the facts alleged a scheme that has no basis in fact. Further, Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts as presented.  A Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action.  No answer has been filed by Defendants Morrow to date therefore

any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

      iv.      **Assemi Defendant's Statement –**

Mr. Assemi does not foresee an amendment to the pleadings.

      v.      **Begley Defendants and Group Defendants' Statement -**

Preliminarily, the Begley Defendants and Group Defendants concur with the statement of the Securities Defendants set forth above.

**k.**      **Statement on Consent to Trial Before Magistrate:**

The parties do not agree on trying this case before a magistrate judge.

**l.**      **Statement on Rule 26 Disclosures:**

      i.      **Plaintiff's Statement -** Plaintiff submits that no changes to the standard schedule are necessary.

      ii.      **Securities Defendants' Statement –** No changes need be made to the timing, form or requirement for disclosures under Fed. R. Civ. P. 26(a), which will be provided to each party on or before May 16, 2008.

      iii.      **Morrow Defendants' Statement –**

An amendment will be required as the facts alleged a scheme that has no basis in fact. Further, Defendants Morrow did not participate in this venture and has no knowledge of these alleged facts as presented. A Rule 12(b)(6) motion to dismiss the first, fourth, sixth and eighth causes of action and a Rule 12(e) motion for a more definite statement on counts second, fifth and seventh causes of action. No answer has been filed by Defendants Morrow to date therefore any R. 26 response is premature and may be more fully made as per Rule 26 (a) (1)(C). Plaintiff may consider this an objection as per Rule 26(a)(1)(C).

iv.    **Assemi Defendant's Statement –**

Assemi submits that no changes to the standard schedule are necessary.

v.    **Begley Defendants and Group Defendants –**

As of the time this report is being prepared, the time for the Begley Defendants and Group Defendants to appear, answer or otherwise move in response to the Complaint has not elapsed. It is likely that the Begley Defendants and Group Defendants will need additional time for the F.R.C.P. 26(a) disclosures, however they are not, at this time, able to determine with certainty whether they will require additional time for the F.R.C.P. 26(a) disclosures.

m.    **Statement on what Disclosures may be needed and Discovery Cutoff**

i.    **Plaintiff's Statement** - Plaintiff will seek document discovery relevant to its claims, and depositions of all of the defendants.    Plaintiff submits that the discovery cutoff in this matter should be October 31, 2008.

ii.    **Securities Defendants' Statement –**

(a)    Defendants suggest that the deadline for deposing Messrs. Kerr and Mascarenhas or issuing letters rogatory be July 31, 2008, and that the deadline to amend the pleadings, file a third party action or otherwise substitute parties be September 30, 2008.

(b)    Discovery is needed concerning:

1. The relationship among the Securities Defendants and plaintiff, if any.

2. The relationship among the Co-Defendants and plaintiff, if any.

3. The relationship between the Securities Defendants and the Co-Defendants.

4. Plaintiff's knowledge concerning the investment of the monies which are the subject of this action.

5. Plaintiff's background in financial and securities issues to the extent of exploring whether she is a "sophisticated" investor

6. As noted above, the role of Messrs. Kerr and Mascarenhas needs to be investigated.

(c)     A discovery cut-off date of December 31, 2008 is proposed.

### iii.     Morrow Defendants' Statement –

The dates should remain open as long as Rule 26 compliance as to trial preparedness is met due to the number of defendants in this matter.

### iv.     Assemi Defendant's Statement –

Mr. Assemi will seek to depose Wendy Yap and Yip Yap as legal signatories and directories of Dover. Mr. Assemi cannot adequately defend himself without the testimony of his accuser, Wendy Yap. Defendant will seek discovery of relevant documents, and deposition of Mr. Mullaney as related to his counter-claim.

### v.     Begley and Group Defendants' Statement -

The Begley Defendants and Group Defendants are not at this time able to foresee what discovery will be needed. The Begley Defendants and Group Defendants do, however, generally agree with the Securities Defendants' statement set forth in paragraph (m)(ii) above, the relationships among the named defendants as well as Messrs. Kerr and Mascarenhas (if any), and the Plaintiff's knowledge and background concerning the specific transactions that are the subject of this action as well as its knowledge generally.

### n.     Statement on Expert Evidence

i.    **Plaintiff's Statement** - Plaintiff does not anticipate the necessity of expert evidence, and would disagree with the expert deadlines suggested by the Defendants..

ii.    **Securities Defendants' Statement** - It is premature for the parties to determine whether and the extent of expert witness testimony will be required. Deadlines for the designation of experts, exchange of written reports and their depositions are: January 31, 2009 for designation; February 28, 2009 for exchange of written reports and April 15, 2009 for their deposition.

iii.    **Morrow Defendants' Statement** – N/A

iv.    **Assemi Defendant's Statement** – Assemi does not foresee.

v.    **Begley Defendants and Group Defendants' Statement** – The Begley Defendants and Group Defendants adopt the Securities Defendants' statement set forth above.

o.    **Statement on Changes to Limitations on Discovery:**

i.    **Plaintiff's Statement** - Plaintiff does not anticipate that any limitations will be necessary.

ii.    **Securities Defendants' Statement** - No changes in the limitations on discovery or any other limitations are suggested.

iii.    **Morrow Defendants' Statement** – NA

iv.    **Assemi Defendant's Statement** – Assemi does not foresee, but specifically requests confirmation from Mr. Mullaney of the availability of Wendy Yap and Yip Yap for deposition testimony. (See Exhibit B).

v.    **Begley Defendants and Group Defendants' Statement** – No changes in the limitations on discovery or any other limitations are suggested at this time.

**p.    Statement on Settlement Discussions:**

    **i.    Plaintiff's Statement** – Plaintiff has had some settlement discussions with two sets of the defendants, which are still in the very preliminary stage.  No financial terms have been discussed as of yet.

    **ii.    Securities Defendants' Statement** - Attorneys for the Securities Defendants and plaintiff have had preliminary settlement discussions and are agreeable to referring this matter to a Magistrate Judge for the purpose of pursing settlement negotiations.

    **iii.    Morrow Defendants' Statement** – An offer will be presented in the very near future to plaintiff.

    **iv.    Assemi Defendant's Statement** – Mr. Mullaney / Dover / Ms. Yap have not been open to a ANY discussions.

    **v.    Begley Defendants and Group Defendants' Statement** – No discussions have taken place at this time. The Begley Defendants and Group Defendants agree to referring this matter to a Magistrate Judge for the purpose of pursing settlement negotiations.

**q.    Statement on Jury Trial:**

    **i.    Plaintiff's Statement** - Plaintiff would seek a trial by jury of the non-equitable claims.

    **ii.    Securities Defendants' Statement** – The Securities Defendants do not request a jury. Securities Defendants expect to require two (2) days for the presentation of their case.

    **iii.    Morrow Defendants' Statement** – No position by Defendants Morrow.

    **iv.    Assemi Defendant's Statement** –

      **v.**     **Begley Defendants and Group Defendants' Statement** – The Begley Defendants and Group Defendants do not request a jury. The Begley Defendants and Group Defendants expect to require two to three (2-3) days for the presentation of their case.

**r.**     **Statement on Other Orders:**

    **i.**     **Plaintiff's Statement -** None

    **ii.**     **Securities Defendants' Statement** – None

    **iii.**     **Morrow Defendants' Statement** –

    **iv.**     **Assemi Defendant's Statement** –

    **v.**     **Begley Defendants and Group Defendants' Statement – None**

The undersigned hereby consent to the form and entry of the above Federal Rule

of Civil Procedure 26(f) Statement.


Dated: New York, New York
       April 30, 2008


LAW OFFICES OF THOMAS M. MULLANEY    EISENBERG TANCHUM & LEVY
Attorneys for Plaintiff Dover Limited           Attorneys for Defendants John H.
                                     Banzhaf, Delbert D. Reichardt and Argosy
                                     Capital Securities, Inc. (formerly known as
                                     Hartsfield Capital Securities, Inc.)


Thomas M. Mullaney (TM-4274          Stewart L. Levy (SL-2892)
708 Third Avenue                       675 Third Avenue
Suite 2500                             Suite 2900
New York, New York 100017            New York, New York 10017
(212)223-0800                     (212)599-0777


DEFENDANT ALAIN ASSEMI          PHILLIPS NIZER LLP
                                     Attorneys for Defendants Thomas O. Begley,
                                     Thomas O. Begley Associates, Stephan
                                     Lovett and Hartsfield Capital Group


Alain Assemi, *Pro Se*               Jeremy D. Richardson (JR 7706)
15650 Vineyard Blvd STE A131        666 Fifth Avenue
Morgan Hill, CA 95037              New York, New York 10103-0084
Representing for Defendant           (212) 977-9700
Alain Assemi, *Pro Se*


Defendants TJ Morrow and TJ Morrow PC:


TJ Morrow, *Pro Se*
2501 Blue Ridge Road, Ste 150
Raleigh, NC 27607

The undersigned hereby consent to the form and entry of the above Federal Rule of Civil Procedure 26(f) Statement.

Dated: New York, New York
        April 30, 2008

LAW OFFICES OF THOMAS M. MULLANEY
Attorneys for Plaintiff Dover Limited

EISENBERG TANCHUM & LEVY
        Attorneys for Defendants John H.
Banzhaf, Delbert D. Reichardt and Argosy
Capital Securities, Inc. (formerly known as
Hartsfield Capital Securities, Inc.)

_____
Thomas M. Mullaney (TM-4274
708 Third Avenue
Suite 2500
New York, New York 100017
(212)223-0800

_____
Stewart L. Levy (SL-2892)
675 Third Avenue
Suite 2900
New York, New York 10017
(212)599-0777

DEFENDANT ALAIN ASSEMI

PHILLIPS NIZER LLP
Attorneys for Defendants Thomas O. Begley,
Thomas O. Begley Associates, Stephan
Lovett and Hartsfield Capital Group

_____
Alain Assemi, *Pro Se*
15650 Vineyard Blvd STE A131
Morgan Hill, CA 95037
Representing for Defendant
Alain Assemi, *Pro Se*

_____
Jeremy D. Richardson
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700

Defendants TJ Morrow and TJ Morrow PC:

_____
TJ Morrow, *Pro Se*
2501 Blue Ridge Road, Ste 150
Raleigh, NC 27607

**SO ORDERED**

**Dated:** New York, New York
        **May 2, 2008**

_____

**Laura Taylor Swain**
United States District Judge