# PHILLIPS NIZER

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

45 Essex Street
Hackensack, NJ 07601
201.646.1664
Fax 201.545.1754

www.phillipsnizer.com

**Jeremy D. Richardson**
212.841.0541
jrichardson@phillipsnizer.com

[RECEIVED stamp: MAY 28 2008 — CHAMBERS OF LAURA TAYLOR SWAIN U.S.D.J.]

May 28, 2008

**By Hand Delivery**

Hon. Laura Taylor Swain
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 755
New York, New York 10007

[stamp: MAY 3 [?] 2008 JAMES ... UNITED STATES ...]

**MEMO ENDORSED**

[stamp:
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08]

Re: **Dover Limited v. Assemi et. al.**
**SDNY Case No. 08 CV 1337 (LTS)(JCF)**

Dear Judge Swain:

We represent four of the defendants in the above matter, Thomas O. Begley, Thomas O. Begley & Associates, Stephan J. Lovett and Hartsfield Capital Group. I write this letter with the consent of, and following the review and approval of this letter by, Thomas M. Mullaney, counsel for the plaintiff, Dover Limited, who has incorporated his own statement into this letter.[1]

**Purpose of this Letter:**

Pursuant to the Court's recommendation at the Initial Pre-Trial Conference, I write to advise the Court that my clients will move this Court for the following relief:

(i)     pursuant to F.R.C.P. 12(b)(2) – lack of personal jurisdiction;

(ii)    pursuant to F.R.C.P. 12(b)(3) – improper venue;

(iii)   pursuant to F.R.C.P. 12(b)(6) – failure to state a claim upon which relief can be granted;

---

[1] Plaintiff's counsel, Mr. Mullaney, has reviewed and approved submission of this letter which includes his own submission opposing the requested stay of discovery set forth herein.

Hon. Laura Taylor Swain
May 28, 2008
Page 2

(iv)    pursuant to F.R.C.P. 12(e) – for a more definite statement;[2] and

(v)     pursuant to 28 U.S.C. §1401(a) – to transfer venue.

I have discussed these motions with Stewart Levy and James Doherty, counsel for co-defendants John H. Banzhaf, Delbert D. Reichardt and Hartsfield Capital Securities, Inc. Their clients will join in the motion.

Because the scope of these motions are so central to plaintiff's case, and because there is the potential that several of plaintiff's causes of action may be dismissed against some or even all of the defendants, the Begley, Thomas O. Begley & Associates, Lovett, Hartsfield Capital Group, Banzhaf, Reichardt and Hartsfield Capital Securities defendants request that the Court stay discovery pending the determination of the motion. Plaintiff *does not* join in this request.

## Stipulated Briefing Schedule:

To accommodate all counsels' schedules[3], counsel have agreed to the following briefing schedule:

Moving Papers – to be served on or before **June 13, 2008**.

Joining of Motion by defendants Banzhaf, Reichardt and Hartsfield Capital Securities – to be served on or before **June 20, 2008**.

Opposition Papers – to be served on or before **July 14, 2008**.

Reply Papers – to be served on or before **July 28, 2008**.

## Defendants Believe that Discovery Should Be Stayed:[4]

The district court may stay discovery upon a showing of good cause. Courts in the Southern District of New York have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial

---

[2] A copy of the Complaint is included for the Court's convenience.

[3] Defendants Alain Assemi, T.J. Morrow and TJ Morrow P.C. have not appeared by counsel. Defendant Mansell Capital Partners, LLC, has not appeared. Thus, the reference to "all counsel" applies only to counsel for the parties that have appeared by counsel.

[4] Counsel have attempted to limit their statements with respect to the application for, and opposition to, a stay of discovery. Thus, counsels' statements are not a thorough recitation of the law or the facts in support of, or in opposition to, a stay.

1044936.3

Hon. Laura Taylor Swain
May 28, 2008
Page 3

grounds or, stated another way, does not appear to be without foundation in law. See, e.g., *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

In determining whether or not to grant a stay, the court may consider: (i) the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations; (ii) the nature and complexity of the action; (iii) whether counterclaims or cross-claims have been interposed; (iv) whether some or all of the defendants join in the request for the stay, the posture or stage of the litigation; (v) the expected extent of discovery in light of the number of parties; (vi) the complexity of the issues; and (vii) any other relevant circumstances. See 6 *Moores's Federal Practice*, §26.105[3][c] (Matthew Bender 3d ed.). A further consideration is whether the plaintiff can demonstrate that it would be harmed by a stay. See *Johnson* id.

The Begley, Thomas O. Begley & Associates, Lovett, Hartsfield Capital Group, Banzhaf, Reichardt and Hartsfield Capital Securities defendants all join in the request to stay discovery pending the outcome of the motion.

Here, the motion is potentially dispositive on several grounds. The motion will show: (i) that the Court does not have personal jurisdiction over the defendants, or at least several of the defendants; (ii) that several causes of action should be dismissed against some or all of the defendants; and (iii) that the complaint does not consist of "short and plain statement[s] of the claim showing that the pleader is entitled to relief" in violation of F.R.C.P. 8 and does not state with particularity averments of fraud or mistake as required by F.R.C.P. 9(b). If the motion is granted in its entirety, the action will be dismissed. If the motion is granted even only in part, the result will be to narrow the claims and specify who Dover asserts is liable on each cause of action. Some or all of the individual defendants may be dismissed. Some of the causes of action may be dismissed. Discovery would be greatly narrowed, as would the complexity of the case. This will save valuable judicial resources, and reduce the time and cost to the parties involved in this action.

Given that Dover's complaint appears to assert claims pertaining to two unrelated transactions[5] against eleven defendants, discovery in this case will be very complex. The Banzhaf, Reichardt and Hartsfield Capital Securities defendants have asserted cross-claims. If this matter proceeds against Begley, Thomas O. Begley & Associates, Lovett and Hartsfield Capital Group, we anticipate that they will also assert cross-claims.

---

[5] Dover's complaint refers to "The Hartsfield Theft" as the first transaction and the "Begley-Morrow Theft" as the second transaction. While the complaint is not clear, it appears that only Mr. Begley is alleged to have been involved in both transactions. However, some prayers for relief are styled as against all defendants, while some are styled against particular defendants, and as to all causes of action (which include alleged breach of contract, unjust enrichment, violations of the Securities Exchange Act of 1934, conversion and conspiracy, Dover seeks punitive damages.

Hon. Laura Taylor Swain
May 28, 2008
Page 4

This case is in the initial phase, and with the exception of initial disclosures which have been served by one set of defendants, discovery has not yet commenced. We do not believe that Dover can show that it will suffer any prejudice as a result of a stay. Nor do we believe that any discovery is required for any party to prepare for this motion or for the Court to rule.

## Dover Believes that Discovery Should Proceed:[6]

On May 2, 2008, all parties appeared before Your Honor for the Rule 16 Initial Pretrial Conference. At that Conference, the moving parties suggested to the Court that they would be making some, but not all, of the above-referenced motions. None has, and Begley, Thomas O. Begley & Associates, Lovett, and Hartsfield Capital Group have yet to answer. Although by consent, the fact that discovery has not yet commenced precisely because of that consented-to delay should not justify a stay of that discovery, as they suggest.

Even at the Rule 16 Conference three weeks ago, the Court appeared doubtful of the movants' preliminary requests for a stay of discovery, and specifically noted the likelihood that jurisdictional discovery would almost certainly be warranted at the least. The only things that have changed in the interim are: (i) that the movants have agreed to a settlement conference before Magistrate Francis, and in fact insisted that it be in person (although Magistrate Francis does not require in-person attendance in the event of great hardship in traveling – such as traveling from Singapore); and (ii) that Banzhaf, Reichardt and Hartsfield Capital Securities have supplied some initial disclosure material – excluding applicable and mandatory insurance policies, if any.

Moreover, Banzhaf, Reichardt and Hartsfield Capital Securities have not just answered, and asserted eleven affirmative defenses, but have also asserted a cross-claim against Begley, Thomas O. Begley & Associates, Lovett, and Hartsfield Capital Group. Thus they would most likely not join defendants' motion for a more definite statement or to dismiss. It would also seem unlikely that while one group of defendants' experienced counsel feels the Complaint well-pled enough to Answer and justify a cross-claim, another set of defendants' lawyers will be held unable to frame a defense.

Certainly now would be an inappropriate time to stay discovery, even according to movants' own case law. *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Plaintiff may well be prejudiced by a delay in discovery, because Messrs. Reichardt and Banzhaf are reportedly elderly gentlemen in ill health.[7] When process was served

---

[6] This section was prepared by plaintiff's counsel, Mr. Mullaney. It does not represent the moving parties' position.

[7] Counsel for Messrs. Banzhaf and Reichardt dispute this assertion and have no reason to believe that their clients have any health issues which would prevent discovery from being stayed pending determination of the motion.

1044936.3

Hon. Laura Taylor Swain
May 28, 2008
Page 5

upon these gentlemen, the server commented on his own initiative that both defendants appeared
to be ailing. If their ailments are pronounced enough to precipitate unsolicited remarks from a
disinterested process server, Plaintiff submits that it would be best if their testimony were
secured in the event they soon become unavailable.

Next, movants have only hinted at what "substantial grounds" exist for its motion(s). *Id.*
If a motion to dismiss needed only a foundation in law to trigger a stay of discovery, then there
would be an automatic stay. Of course there is not. Additionally, Plaintiff has not even made
discovery requests yet, in accommodation of movants' schedule, so the Court cannot determine
the breadth of discovery sought. *Id.* In fact, Plaintiff's discovery will not be broad at all.
Plaintiff's money went into Defendants' hands and some never came out – Plaintiff would like to
know where it is and to get it back. The only complexity, if any, will be of Defendants' own
creation in an attempt to cloud the facts and deflect the blame.

**Conclusion:**

Counsel for all parties respectfully request that the Court endorse the above briefing
schedule.

Counsel for the Begley, Thomas O. Begley & Associates, Lovett, Hartsfield Capital
Group, Banzhaf, Reichardt and Hartsfield Capital Securities defendants request that the Court
stay discovery pending the determination of the motion.

Counsel for Dover requests that discovery proceed even while the motion is before the
Court.

Should Your Honor wish to conduct a hearing on whether or not to stay discovery,
counsel are available. Thank you.

Respectfully submitted,

Jeremy D. Richardson

JDR:wp

cc: Thomas M. Mullaney, Esq.
Stewart L. Levy, Esq.
Mr. Alain Assemi
TJ Morrow, Esq.

1044936.3