UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

DOVER LIMITED,

                                 Plaintiff,

v.

ALAIN ASSEMI, HARTSFIELD CAPITAL
SECURITIES, INC., HARTSFIELD CAPITAL GROUP,
STEPHEN J. LOVETT, JOHN H. BANZHAF, DELBERT
D. REICHARDT, MANSELL CAPITAL PARTNERS,
LLC, THOMAS O. BEGLEY, THOMAS O. BEGLEY &
ASSOCIATES, T.J. MORROW and TJ MORROW PC,

                                 Defendants.

**ECF CASE**

Docket No. 08 CV 1337
(LTS)(JCF)

**AFFIDAVIT OF THOMAS O.
BEGLEY IN SUPPORT OF
THE MOTION TO DISMISS
OR TRANSFER VENUE**

------------------------------------------------------------------ x

STATE OF GEORGIA   )
                             ) ss.:
COUNTY OF FULTON   )

THOMAS O. BEGLEY, being duly sworn, deposes and says:

1. I am one of the defendants named in this action and was the organizer, manager and President of T.O. Begley & Associates, LLC ("TOBA"), imprecisely named as a defendant in this action.

2. I submit this affidavit in support of the motion: (a) to dismiss pursuant to (i) F.R.C.P. 12(b)(2) for lack of personal jurisdiction; (ii) F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted and (iii) F.R.C.P. 12(b)(3) for improper venue; and alternatively (b) to transfer venue pursuant to 28 U.S.C. §1404(a).

**This Court Lacks Personal Jurisdiction:**

3.  I have resided at 570 Clarinbridge Way, Alpharetta, Georgia 30022 for the past 11 years and work at 1105 Lakewood Parkway, Alpharetta, GA 30022

4.  I do not, nor have I ever, maintained a residence in New York City. I do not solicit business from potential clients within the State of New York, I don't list any telephone numbers in New York, I have no bank accounts in New York, I have never brought a lawsuit in New York courts, and do not generate income from within New York.

5.  TOBA was a limited liability company organized under the laws of the State of Georgia. Its place of business was 3775 Mansell Road, Alpharetta, Georgia 30022.

6.  TOBA is no longer in existence. It was dissolved by the Georgia Secretary of State on July 9, 2005.

7.  While TOBA did exist, it did not have a place of business within the State of New York. TOBA had no telephone numbers listed within the State of New York. It had no bank accounts in New York, it did not advertise in New York, it did not list any New York address on its letterhead, it brought no lawsuits in courts located in the State New York nor did TOBA derive income generated from within the State of New York.

8.  The plaintiff, Dover Limited ("Dover"), states various allegations in its complaint regarding two transactions, the first Dover titles the "Hartsfield Theft" and the second it titles the "Begley-Morrow Theft."

1046756.1

9. As to both of these transactions Dover claims that "Venue is proper in the Southern District of New York because all or part of the factual events that occurred in this case arose in the Borough of Manhattan, New York, New York." See Dover's complaint at paragraph 13.[1]

10. However, contrary to Dover's broad and self-contradicted allegation, few of the events alleged in the complaint, let alone those in which I or TOBA is alleged to be involved in, arose in New York. In fact, nearly every relevant event that I am aware of took place in Georgia or at least did not occur in New York.

11. Perhaps most fundamental to the Court's analysis is that neither I nor TOBA entered into any contract with Dover within the State of New York.

**The Southern District of New York is an Improper Venue:**

12. For the reasons set forth in the accompanying memorandum of law, the Southern District of New York is not a proper venue for this action. Dover is a Hong Kong corporation with a place of business in Singapore. Eight of the 11 defendants reside in Georgia or have (or had) a principal place of business in Georgia. Upon information and belief, Mr. Assemi resides in Switzerland, Mr. Morrow resides in North Carolina, and Mr. Morrow's law firm, TJ Morrow PC, no longer exists.

13. As Dover's complaint alleges, and as set forth in this affidavit and the accompanying memorandum of law, none of the "Hartsfield Theft" events took place in New York. As to the "Begley-Morrow Theft," the central purported event was a meeting in Singapore which alleges I attended with Mr. Morrow. Dover alleges that it relied upon representations made at the meeting

---

[1] Unless stated otherwise, references are to Dover's Complaint.

3

1046756.1

in Singapore, as well as correspondence from Georgia (which I presume to mean correspondence sent by me) and New York (presumably from Mr. Morrow).

14.  There is no allegation pertaining to the agreement pursuant to which Dover purports to have wired $900,000 to TJ Morrow PC.

15.  Standing alone, Dover simply does not allege that "a substantial part of the events or omissions giving rise to the ["Begley-Morrow Theft"] occurred" in New York. Taken together, nearly every allegation of the complaint is centered on Georgia, including Dover's purported investment of $6.75MM with Hartsfield Capital Securities, 7½ times the amount Dover claims to have deposited with TJ Morrow PC.

**If Not Dismissed, This Action Should Be Transferred to the Northern District of Georgia:**

16.  Should the Court determine that this action should not be dismissed in its entirety against me and TOBA, I respectfully request that this action be transferred to the Northern District of Georgia.

17.  Dover sets forth no basis for its choice of New York as the forum for this action. Since Dover is a Hong Kong company with a place of business in Singapore, the Northern District of Georgia would be less convenient to Dover than the Southern District of New York. But the Northern District of Georgia would be far more convenient for me, TOBA and, I assume, for the six other Georgia defendants.

18.  Alpharetta is a suburb of Atlanta, approximately 25 miles from Atlanta, where the Federal District Courthouse for the Northern District of Georgia is located. It would obviously be far less costly and much more convenient for me to attend court proceedings in Georgia where

I would avoid the time and expense of travel and the cost hotels that would be required if this action proceeds in New York. I assume this is true for the other six Georgia based defendants as well as any Georgia based non-party witnesses.

19. I also presume that there are no relevant documents located in New York. My and TOBA's documents are in Georgia. I assume that the same is true of the six other Georgia based defendants. I do not know where Mr. Assemi maintains his documents, but I assume they are either in California (where Dover alleges he resides) or in Switzerland (where I believe he now resides). I presume that any document from Mr. Morrow's law firm are with Mr. Morrow in North Carolina.

20. The convenience of the parties and the location of non-party witnesses and documents overwhelmingly weighs in favor of transferring this matter to the Northern District of Georgia The same is true of the relative means of the parties.

21. Dover is a corporate entity with millions of dollars at its disposal. Indeed, Dover alleges that it invested $10MM with A.B. Watley, Inc. (¶15). By contrast, I am an individual of limited means and TOBA is defunct. My earnings in 2007 were less than $40,000.00. Even paying the legal fees in connection with this motion is a hardship. The addition expense of defending this action in New York is absolutely unjust and unnecessary and, I believe, adds to the comparative expenses of not just the defendants, but the plaintiff too.

**Conclusion:**

22. For all of the foregoing reasons, I respectfully request that this action be dismissed against myself and TOBA. Alternatively, I respectfully request that this action be transferred to the Northern District of Georgia.

1046756.1

Respectfully submitted,

THOMAS O. BEGLEY

Sworn to before me this
12 day of June, 2008

_Nadia Simmons_
Notary Public

Nadia Simmons
Notary Public, Cobb County Georgia
My Commission Expires June 6 2011

[Notary Seal: NADIA SIMMONS, MY COMMISSION EXPIRES JUNE 6 2011, COBB CO., GEORGIA, NOTARY PUBLIC]

6

1046756.1