UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
DOVER LIMITED,                              :
                                            : **ECF CASE**
                          Plaintiff,        : ELECTRONICALLY FILED
                                            : Docket No. 08 CV 1337
          v.                                : (LTS)(JCF)
                                            :
ALAIN ASSEMI, HARTSFIELD CAPITAL            : **AFFIDAVIT OF STEPHAN J.**
SECURITIES, INC., HARTSFIELD CAPITAL GROUP, : **LOVETT IN SUPPORT OF THE**
STEPHEN J. LOVETT, JOHN H. BANZHAF, DELBERT : **MOTION TO DISMISS OR**
D. REICHARDT, MANSELL CAPITAL PARTNERS,     : **TRANSFER VENUE**
LLC, THOMAS O. BEGLEY, THOMAS O. BEGLEY &   :
ASSOCIATES, T.J. MORROW and TJ MORROW PC,   :
                                            :
                          Defendants.       :
---------------------------------------------------------------x

STATE OF GEORGIA    )
                    ) ss.:
COUNTY OF FULTON    )

STEPHAN J. LOVETT, being duly sworn, deposes and says:

1. I am one of the defendants named in this action and am the Chief Executive Officer of Hartsfield Capital Group, Inc. (HC Group).

2. I submit this affidavit in support of the motion: (a) to dismiss pursuant to (i) F.R.C.P. 12(b)(2) for lack of personal jurisdiction; (ii) F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted and (iii) F.R.C.P. 12(b)(3) for improper venue; and alternatively (b) to transfer venue pursuant to 28 U.S.C. §1404(a).

**This Court Lacks Personal Jurisdiction:**

3. Neither I nor HC Group is subject to the jurisdiction of the Southern District of New York.

1046938.1

4. I have an office at Lakewood Parkway, Suite 425, Alpharetta, Georgia 30004. I do not reside in New York City nor have I since 1971, long before any of the events alleged by Dover. I do not have any telephone listings in New York City, I have no bank accounts in New York City, I have not brought any lawsuits in New York courts, and do not generate income from within New York.

5. HC Group is a Nevada corporation authorized to transact business in the State of Georgia. Its principal place of business is 1105 Lakewood Parkway, Suite 425, Alpharetta, Georgia 30004.

6. HC Group has never had a place of business in New York. HC Group never had a telephone number listed in New York. It does not have, nor has it ever had, any bank accounts in New York. HC Group does not solicit business from New York. It does not advertise, and has not advertised, in New York. It does not, nor has it ever, listed a New York address on its letterhead. HC Group has never brought a lawsuit in courts located in the State New York and prior to this action had never been sued in New York. HC Group derives no income generated from within the State of New York.

7. The plaintiff, Dover Limited ("Dover"), states various allegations in its complaint regarding two transactions, the first Dover titles the "Hartsfield Theft" and the second it titles the "Begley-Morrow Theft." Neither I, nor HC Group, was involved in either of these transactions.

8. As to both of these transactions Dover claims that "Venue is proper in the Southern District of New York because all or part of the factual events that occurred in this case arose in the Borough of Manhattan, New York, New York." See Dover's complaint at paragraph 13.[1]

---

[1] Unless stated otherwise, references are to Dover's Complaint.

2

1046938.1

9.  Contrary to Dover's broad and self-contradicted allegation, nearly every event alleged in the complaint arose outside New York. Importantly, there is no allegation that either I or HC Group performed (or failed to perform) any action in New York. In fact, every event that I am personally aware of took place in Georgia.

10. Finally, neither I nor HC Group is alleged to have entered into any contract with Dover, let alone any contract within the State of New York.

11. The Court should note that although previously similarly named, HC Group is unrelated to defendant Hartsfield Capital Securities, Inc. (now Argosy Capital Securities, Inc.). There are no interlocking owners, directors or officers.

**The Southern District of New York is an Improper Venue:**

12. For the reasons set forth in the accompanying memorandum of law, the Southern District of New York is not a proper venue for this action. Dover is a Hong Kong corporation with a place of business in Singapore. Eight of the 11 defendants reside in Georgia or have (or had) a principal place of business in Georgia. Upon information and belief, Mr. Assemi resides in Switzerland, Mr. Morrow resides in North Carolina, and Mr. Morrow's law firm, TJ Morrow PC, no longer exists.

13. As Dover alleges, and as set forth in this affidavit and the accompanying memorandum of law, none of the "Hartsfield Theft" events took place in New York. As to the "Begley-Morrow Theft" (I again note that neither I nor HC Group is alleged to have been involved in any way with the "Begley-Morrow Theft"), the central event was an alleged meeting in Singapore between Messrs. Begley and Morrow.

1046938.1

14. Simply put, I do not believe that there is any basis for venue in the Southern District of New York. Certainly Dover does not allege a basis for venue in New York.

**If Not Dismissed, This Action Should Be Transferred to the Northern District of Georgia:**

15. If the Court determines that this action should not be dismissed in its entirety against me and HC Group, then I would respectfully request that this action be transferred to the Northern District of Georgia.

16. Dover sets forth no basis for its choice of New York as the forum for this action. Since Dover is a Hong Kong company with a place of business in Singapore, the Northern District of Georgia would be less convenient to Dover than the Southern District of New York. But the Northern District of Georgia would be far more convenient for me, HC Group and, I assume, for the six other Georgia defendants.

17. I have an office at 1105 Lakewood Parkway, Suite 425, Alpharetta, Georgia 30004. Alpharetta is a suburb of Atlanta, approximately 25 miles from Federal District Courthouse for the Northern District of Georgia. It would obviously be far less costly and more convenient for me to attend court proceedings in Georgia where I would avoid the time and expense of travel and the cost hotels that would be required if this action proceeds in New York. I again assume this is also true for the other six Georgia based defendants as well as any Georgia based non-party witnesses as to whom I may not be able to compel attendance at a New York trial.

18. I also presume that there are no relevant documents located in New York. My and HC Group's documents (to the extent they are relevant) are in Georgia. I again assume that the same is true of the six other Georgia based defendants. I do not know where Mr. Assemi maintains his documents, but I assume they are either in California (where Dover alleges he resides) or in

4

Switzerland (where I believe he now resides). I presume that any document from Mr. Morrow's law firm are with Mr. Morrow in North Carolina.

19. The convenience of the parties and the location of non-party witnesses and documents overwhelmingly weighs in favor of transferring this matter to the Northern District of Georgia The same is true of the relative means of the parties.

20. Dover is a corporate entity with millions of dollars at its disposal. Indeed, Dover alleges that it invested $10MM with A.B. Watley, Inc. (¶15). By contrast, I am an individual of limited means and HC Group is similarly of limited means. My personal earnings in 2007 were negative and HC Group had a net operating loss in 2007 of $73,000. The additional expense of defending this action in New York is absolutely unjust and unnecessary and, I believe, will add to the comparative expenses of not just the defendants, but of the plaintiff too.

21. Taken together, nearly every allegation of the complaint is centered on Alpharetta, Georgia. The purported "Begley-Morrow Theft" involves only four of the 11 named defendants (Messrs. Begley and Morrow, and their respective corporate entities, T.O. Begley & Associates and TJ Morrow PC). Dover's purported investment of $6.75MM with Hartsfield Capital Securities is 7½ times the amount Dover claims to have deposited with TJ Morrow PC.

[intentionally left blank]

**Conclusion:**

22. For all of the foregoing reasons, I respectfully request that this action be dismissed against myself and HC Group. Alternatively, I respectfully request that this action be transferred to the Northern District of Georgia.

Respectfully submitted,

_____
STEPHAN J. LOVETT

Sworn to before me this
13 day of June, 2008

_____
Notary Public

Nadia Simmon
Notary Public, Cobb County Georgia
My Commission Expires June 6 2011

6

1046938.1