## LAW OFFICES OF
## THOMAS M. MULLANEY
708 THIRD AVENUE, SUITE 2500
NEW YORK, NEW YORK 10017
Tel.: (212) 223-0800
Fax: (212) 661-9860

July 8, 2008

**BY FACSIMILE**

The Honorable James C. Francis IV
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/08
```

Re: *Dover Limited, et al. v. Alain Assemi, et al.*
    08-Civ-1337 (LTS)(JCF)

Your Honor:

      Plaintiff Dover Limited ("Dover") writes to compel the deposition of Defendant Alain Assemi in the above-referenced matter, noticed for Monday, July 14.

      Defendant Assemi today served a document styled "Motion for Telephone Deposition", that I attach in the event it is not filed electronically. Dover objects to a telephonic deposition because it would prevent the use of documents at his deposition, which would impair the effectiveness of the proceeding.

      Plaintiff is of course sensitive to the limited finances of any party, although one might view Defendant Assemi's claims of poverty with great skepticism. In a previous litigation with Dover, Mr. Assemi made the same claims of penury to Magistrate Frank Maas, but appeared in person twice in New York after Magistrate Maas rejected Mr. Assemi's request.

      Mr. Assemi, as before, submits nothing in support of his claim of poverty. On the other hand, there is good reason to believe that he is able to afford frequent air travel. His Motion lists his address as Morgan Hill, California, where he maintains an architectural practice, but Mr. Assemi has also described his California address as a mail drop, and asserted that he currently resides in Switzerland. Switzerland is not a country one typically associates with impoverished emigrants, and his maintenance of a California business from a home in Switzerland suggests regular travel between the two.

      It is telling that Mr. Assemi steadfastly refuses to provide his alleged address in Switzerland to the Court, even in the counter-claim that he filed against Dover in this matter. He was equally cagey about revealing where he was staying when he appeared in Manhattan to give

his deposition in the previous litigation, at first claiming under oath that he could not remember where he was staying. Mr. Assemi managed to litigate that previous case to a settlement, upon which he defaulted, and has also managed to participate enthusiastically in a federal litigation in Kansas against the receiver of a hedge fund named Seaforth Meridian, which was revealed to be one of his previous investment schemes. Thus it would seem that his studied elusiveness is driven by a desire to thwart creditors, and not lack of resources.

    Mr. Assemi should not be allowed to litigate this case, especially where he has asserted a counter-claim, from some secret lair in Switzerland.

Respectfully Submitted,

*/s/ Thomas M. Mullaney*

Thomas M. Mullaney

Cc:    All Counsel of Record
       and *pro se* defendants

7/16/08

*Absent documentation of his financial condition, Mr. Assemi shall appear for deposition in New York.*

*SO ORDERED.*
*James C. Francis IV*
*USMJ*

2