UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOVER LIMITED,<br>        Plaintiff<br><br>Versus<br><br>ALAIN ASSEMI, ET AL.,<br>        Defendants | Case Number: 08-CV-1337<br>(LTS)(JCF)<br><br>MOTION OF NONPARTY<br>TO QUASH |

Pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure, nonparty, **BELSIZE, LLC** by and through its Managing Member, **JOHN MOOREN** (herein "Movant") hereby respectfully requests that this Court quash the subpoena directed to **Commerce Bank** on June 13, 2008, on the following grounds:

1. Belsize, LLC is located in New York.

2. On or about July 13, 2008, plaintiff Dover Limited (herein" Dover"), through counsel, served on Movant a subpoena duces tecum by mail. The subpoena is herewith attached as **Exhibit A**.

3. Dover seeks production of records reflecting Movant's private financial and business transactions violating professional agreements that hold this information to be trade secret and confidential commercial information.

4. Movant is not a party to the underlying action, and has had no personal acquaintance or contact with any of the parties to it, except with TJ Morrow and Tom Begley.

5. The director of Hong Kong-based Dover Limited apparently commenced this action claiming several U.S. businesses swindled her company out of millions of dollars. Movant was not given notice of the Petition to Conduct Discovery filed by Plaintiff in this Court.

7. The discovery sought by Dover Limited far exceeds the scope of relevant discovery in the underlying action to conduct discovery and compliance therewith and would be tantamount to a violation movant's right to financial privacy.

8. It is improper to impose on a third party the burden of any subpoena.

9. For each of the above reasons, the subpoenas are invalid and must be quashed.

Dated: July 23, 2008
New York, New York

Respectfully submitted,

*[signature]*

ROGER L. FIDLER, ESQ.
Attorney at Law (9997)
126 E. 83rd Street, Suite 3B
New York, NY 10028
Ph: (201) 670 – 0881
Fax: (201) 670 – 0888

# Exhibit A

≈AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern District of New York

DOVER LIMITED

V.

ALAIN ASSEMI, ET AL.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 08-CV-1337 (LTS)(JCF)

TO: Commerce Bank
Commerce Atrium
1701 Route 70 East Cherry Hill, NJ 08034-5400

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All Documents relating to the account of Belsize, Inc. or Belsize, LLC, ID (for wire transactions) 7915473487, from January 1, 2004 to present.

| PLACE | DATE AND TIME |
|---|---|
| The Law Offices of Thomas M. Mullaney<br>708 Third Avenue, Suite 2500 New York, NY 10017 | 7/9/2008 2:08 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ | 6/13/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Mullaney
708 Third Avenue, Suite 2500 New York, NY 10017 (212) 223-0800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DOVER LIMITED, <br><br> Plaintiff, <br><br> Versus <br><br> ALAIN ASSEMI, ET AL., <br><br> Defendants. | Case Number: 08-CV-1337 <br> (LTS)(JCF) <br><br> AFFIDAVIT OF JOHN MOOREN IN SUPPORT OF MOTION TO QUASH SUBPOENA |

State of New York  }
                   } ss.:
County of New York }

John Mooren, being duly sworn upon oath, hereby deposes and says:

1. I reside at 4 Stuyvesant Oval, New York, NY 10002.

2. On or about July 13, 2008, plaintiff Dover Limited (herein" Dover"), through counsel, served **Commerce Bank** on June 13, 2008, with a subpoena duces tecum seeking bank records from Belsize, LLC, a New York limited liability company which I run.

3. Dover seeks production of records reflecting private financial business transactions reflecting information that are trade secrets and confidential commercial information. Unfettered release of such information would damage my business relationships with several of my clients that have no relationship to the matter in controversy.

4. I am not a party to the underlying action, and have no personal acquaintance or contact with any of the parties to it, except with TJ Morrow and Tom Begley.

5. The director of Hong Kong-based Dover Limited apparently commenced this action claiming several U.S. businesses swindled her company out of millions of dollars.

6. Neither I nor Belsize LLC were given notice of the Petition to Conduct Discovery filed by Plaintiff in this Court.

7. The discovery sought by Dover Limited far exceeds the scope of relevant discovery in the underlying action to conduct discovery and compliance therewith and would be tantamount to a violation of my and Belsize's right to financial privacy.

Dated: July ___, 2008
New York, New York

_____
John Mooren

Subscribed and sworn to before
Me on this 23rd day of July, 2008

_____
Notary Public

JUNKUL LEE
Notary Public, State of New York
No. 01LE6062055
Qualified in Nassau County
Certificate filed in New York County
Commission Expires July 30, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DOVER LIMITED,**<br>      Plaintiff<br><br>Versus<br><br>**ALAIN ASSEMI, ET AL.,**<br>      Defendants | Case Number: 08-CV-1337<br>(LTS)(JCF)<br><br>**ORDER GRANTING<br>NONPARTY'S MOTION<br>TO QUASH SUBPOENA** |

    Having considered the briefs filed in support of, and in opposition, to Non-Party Belsize, LLC by and through Managing Member, John Mooren's motion to quash subpoena issued to a non-party Commerce Bank, as well as the arguments of counsel, the Court has determined that the subpoena requires disclosure of Belsize LLC's privileged, personal and private records containing trade secrets and confidential commercial information, seek information irrelevant to the dispute and are unduly burdensome.

    **IT IS HEREBY ORDERED** that the motion to quash the subpoena served on this non-party is **GRANTED** pursuant to Federal Rules of Civil Procedure 45(c)(1) and (3).

    The subpoenaed entity is hereby **ORDERED** not to produce any documents to Plaintiff, Dover Limited or Plaintiff's counsel. All documents, copies of documents, and information that may have been derived from these documents received ahead of time by Plaintiff Dover Limited or Plaintiff's counsel in response to this subpoena must be destroyed, and counsel shall file a certification within 10 days of this order with the Court of having done so.

Dated: _____, 2008
New York, New York

                                     Hon. _____
                                     UNITED STATES JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **DOVER LIMITED,** | : | Case Number: 08-CV-1337 |
| Plaintiff | : | (LTS)(JCF) |
| | : | |
| | : | **CERTIFICATION OF SERVICE** |
| Versus | : | |
| | : | |
| **ALAIN ASSEMI, ET AL.,** | : | |
| | : | |
| Defendants | : | |

Lauren Cannataro, being of full age, hereby certifies the following:

1. I am a paralegal employed at the Law Offices of Roger L. Fidler, the attorney for Belsize, LLC in the above-captioned matter.

2. On July 23, 2008, I sent one (1) copy of a Motion of NonParty to Quash Subpoean, Affidavit of John Mooren in Support of Motion to Quash Subpoena and Proposed Order to the following party by United States Postal Service, First Class Mail:

    Thomas M. Mullaney, Esq.
    708 Third Avenue, Suite 2250
    New York, NY 10017

    and two (2) courtesy copy of these documents to :

    Honorable Laura Taylor Swain, U.S.D.C.J.
    Southern District of New York
    Daniel Patrick Moynihan
    United States Courthouse
    500 Pearl Street
    New York, NY 10007-1312

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 23, 2008                              __/s/Lauren Cannataro_____
                                                                    Lauren Cannataro