UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,

    Plaintiff,

v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

    Defendant,
_____

08 CV 1337 (LTS)

NOTICE OF MOTION

    PLEASE TAKE NOTICE that upon the affirmation of TJ Morrow, affirmed on August 1, 2008 and the accompanying Memorandum of Law in Support of this Motion and the pleading herein, the undersigned Defendant will move this Court, before Laura Taylor Swain for an order pursuant to Rule 12(e) of the Federal Rules of Civil Procedure granting a more definite statement of the second, fifth and seventh causes of action of the complaint against TJ Morrow and TJ Morrow, PC.

    **I declare under penalty of perjury that the foregoing is true and correct.**

Dated: Raleigh, NC
       August 1, 2008

By: _____
TJ Morrow, Esq.

2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,

    Plaintiff,                                      08 CV 1337 (LTS)

    v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

    Defendant,
_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TJ MORROW and TJ MORROW, PC's MOTION FOR A MORE DEFINITE STATEMENT IN THE SECOND, FIFTH and SEVENTH CAUSES OF ACTION OF THE COMPLAINT**

TJ Morrow, Esq.
2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES…………………………………………………….. ii

PRELIMINARY STATEMENT……………………………………………….  2

STATEMENT OF FACTS……………………………………………………. 4

ARGUMENT……………………………………………………………..….  6

THE COMPLAINT ASSERTS CLAIMS FOR BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT AND CONVERSION AGAINST TJ MORROW AND TJ MORROW, PC THAT REQUIRE A MORE DEFINITE STATEMENT……  6

CONCLUSION……………..……………………………………………….. 10

## TABLE OF AUTHORITIES

Page(s)

Rules

Fed.R.Civ.P. 8……………………………………………………………….   6, 8, 9

Fed.R.Civ.P. 12(e)……………………………………………………….. .   6


Cases

Amoco Production v. Ber-Mac Elect. & Instrumentation, (Kan. 2001)
Civil Action No: 02-2305-JWL, USDC, D. Kan. *Id*. at 723 …………..   6

Intimate Bookshop, Inc. v. Barnes & Noble, Inc., (S.D.N.Y. 2000)
88 F. Supp.2d 133……………………………………………………….   6, 7, 9

McKenzie v. MCI Worldcom, Inc., No. 99-2517-CM, 2000 WL
1303041, (D.Kan. Aug. 19, 2000)……………………………………….   6

Moore v. Fidelity Fin. Servs., 869 F. Supp. 557, 560-61 (N.D.Ill. 1994).   6


555 M Manufacturing, Inc. v. Calvin Klein, Inc., 13 F. Supp. 2d 719,
724 (N.D.Ill. 1998)……………………………………………………….   9

Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc., 882 F. Supp. 713,
726  (N.D.Ill. 1995)………………………………………………………   9


Other Authorities

James W. Moore, Moore's Federal Practice 3d, § 12.36[1] at 12-88……..   6, 8, 9

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TJ MORROW and TJ MORROW, PC's MOTION FOR A MORE DEFINITE STATEMENT IN THE SECOND, FIFTH and SEVENTH CAUSES OF ACTION OF THE COMPLAINT**

Defendants, TJ Morrow and TJ Morrow, PC, hereinafter "Defendants Morrow" submit this memorandum of law in support of its motion, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for a more definite statement in the complaint as against them, for the second, fifth and seventh causes of action. These causes of action are for breach of fiduciary duty, unjust enrichment and conversion.

**PRELIMINARY STATEMENT**

TJ Morrow, PC is an inactive professional corporation. TJ Morrow is an attorney that is licensed in the state of New York but inactive in the practice of law. Defendants Morrow are named as defendants in this case solely on the basis that the company utilized a company business account to receive funds directed to it by Mr. Begley, a defendant in this case, pursuant to a loan agreement he had with the plaintiff. Mr. Begley negotiated a loan with the plaintiff. On or about August 28, 2006 Mr. Begley directed $ 450,000.00 to a company account of TJ Morrow, PC. According to bank records this amount did not come from the plaintiff. Again on October 3, 2006, Mr. Begley directed a second installment of $ 450,000.00 to the same company account of TJ Morrow, PC. According to bank records this amount did come from the plaintiff. These funds were to be utilized for a business venture involving acquisition of term life insurance policies and construction of a financial framework to profit from their acquisition. Prior to October 3, 2006 Defendants Morrow had no dealings with Mr. Begley concerning receipt of any funds that concern the subject matter of the instant complaint. Further, neither Defendants Morrow ever contracted with plaintiff nor represented plaintiff in any manner whatsoever. Mr. Begley instructed Plaintiff to release his loan. Defendants Morrow hired several high profile advisors and consultants to complete the financial structure with term life insurance policies as envisioned by the project. Mr. Begley was to provide the structure with term life insurance policies and failed to deliver those policies to Defendants Morrow as agreed. Therefore, the structure could not be completed. Shortly

thereafter Mr. Begley defaulted upon the loan to the plaintiff.

The matter relative to Defendants Morrow involves a loan plaintiff made to Mr. Begley and his default on that loan. When the default on this loan occurred Mr. Begley had a history with the plaintiff dating back to at least June 2003. Defendants Morrow had no knowledge of the plaintiff until the summer of 2006.

Plaintiff pleads breach of fiduciary duty as the second cause of action, unjust enrichment in its fifth cause of action and conversion in its seventh cause of action. The causes of action as plead are vague and ambiguous. As a basis for these claims complainant alleges that Mr. Morrow was introduced to Plaintiff in the summer of 2006 and received a wire in late October 2006, but in the pleading Defendants Morrow are alleged to have breached their fiduciary duty and benefited from unjust enrichment and conversion dating back to June 2003. Accordingly these causes of action require a more definite statement as Defendants Morrow can only guess as to what conduct each allegations refers.

**STATEMENT OF FACTS**

Between June 2003 and the summer of 2006 all defendants had met and knew of plaintiff, except Defendants Morrow. The association the other defendants had with Plaintiff is recounted in 40 paragraphs. Compl. ¶¶ 1 through 40. On April 22, 2006 Defendant Begley claimed on Hartsfield Capital letterhead that Mansell was holding Dover funds in the amount of 3.25MM. This claim was false. Compl. ¶ 39 Thomas O. Begley & Associates and Hartsfield Capital acknowledged that they owed plaintiff $ 3.25MM. Compl. ¶ 41 Mr. Begley proposed to plaintiff that a new business be formed which would purchase term life insurance policies for less than face value. Compl. ¶ 41 Mr. Begley represented to the plaintiff that he required a $ 900,000 working capital loan. Compl. ¶ 42 The working capital loan was to be used for drafting the necessary formation documents, coordinating the acquisition of insurance policies and paying Mr. Morrow's legal fees. Compl. ¶ 43 Mr. Morrow was first mentioned at this point and did not receive any working capital funds on behalf of Mr. Begley until late October 2006. Compl. ¶ 46 Beginning in November 2006 plaintiff complained that an interest payment was missed. Dover wanted to know the status of the $ 900,000. Compl. ¶ 47 Morrow claimed that he and Begley were in the process of forming the Insuragift program. Compl. ¶ 48 Plaintiff demanded a detailed description of how the loan was spent. No back-up documents were provided. Compl. ¶ 49 In December 2006 representatives of Dover traveled to New York and met with Mr. Begley. Compl. ¶ 51 Mr. Begley blamed Mr. Morrow for the loss of

4

$ 900,000 and claimed that he hired a lawyer to pursue Mr. Morrow. No record of such litigation exists on Pacer for the Southern District of New York or on the eCourts electronic docket for the New York Supreme Court. Compl. ¶ 54

Mr. Begley defaulted on the loan he borrowed from the plaintiff. Now plaintiff asserts breach of fiduciary duty, unjust enrichment and conversion claims against Defendants Morrow that date back to June 2003. Compl. ¶¶ 14 through 39. Plaintiff alleges acts against Defendants Morrow dating back to June 2003 though they did not know of Plaintiff until the summer of 2006. Compl. ¶¶ 14 through 39 compare with Compl. ¶ 42  As such Defendants Morrow cannot be held liable for any alleged acts dating back to June 2003 for $ 4.15MM.  As such these causes of action must be made more clear to afford the Defendants Morrow the opportunity to frame a responsive pleading. (Plaintiff's second, fifth and seventh causes of action)  (*See*, where Defendants Morrow were not introduced into the pleadings until the summer of 2006, Compl.¶ 60 )

## **ARGUMENT**

### THE COMPLAINT ASSERTS CLAIMS FOR BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT AND CONVERSION AGAINST TJ MORROW AND TJ MORROW, PC THAT REQUIRE A MORE DEFINITE STATEMENT

A party may file a motion for a more definite statement when the pleading to which the party is required to respond "is so vague or ambiguous" that the party "cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e) Intimate Bookshop, Inc. v. Barnes & Noble, Inc., (S.D.N.Y. 2000) 88 F. Supp.2d 133 Rule 12(e) motions are useful when the pleading fails to contain general allegations of each element of the claim as required by Fed.R.Civ. 8. James W. Moore, Moore's Federal Practice 3d, § 12.36[1] at 12-88.

Applying these standards, courts have held that to survive a Rule 12(e) motion on a breach of contract claim "the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties." Amoco Production v. Ber-Mac Elect. & Instrumentation, (Kan. 2001) Civil Action No: 02-2305-JWL, USDC, D. Kan. *Id*. at 723 (citing Moore v. Fidelity Fin. Servs.,869 F. Supp. 557, 560-61 (N.D.Ill. 1994). See also McKenzie v. MCI Worldcom, Inc., No. 99-2517-CM, 2000 WL 1303041, *3 (D. Kan. Aug. 19, 2000) (motion for more definite statement granted where plaintiff failed to describe the alleged contract and its terms and conditions).

6

The basis for all claims against Defendants Morrow is alleged in Compl. ¶¶ 40 to 55 and the cause of action for breach of fiduciary duty is alleged from Compl. ¶¶ 64 to 66. Plaintiff alleges as follows: Compl. ¶ 64

### "Defendant Morrow represented himself to be Plaintiff's counsel."

Defect: This allegation is conclusory, ambiguous, has no basis in the pleadings and cannot be responded to as written.

Relief Requested: State basis for attorney-client relationship and when Defendants executed an engagement with Plaintiff, Dover Limited. Moore v. Fidelity Fin. Servs. supra

### "He failed to disclose that he was actually Hartsfield's counsel."

Defect: This allegation is ambiguous, conclusory, has no basis in the pleadings and cannot be responded to as written.

Relief Requested: State basis for belief that Mr. Morrow was Hartsfield's counsel. Intimate Bookshop, Inc. v. Barnes & Noble, Inc., supra.

### "As its lawyer and custodian of its funds, Morrow owed Plaintiff a fiduciary duty to care for its interest, to ensure it was adequately protected, and to put its interest above his own"

Defect: This allegation is ambiguous, has no basis in the pleadings and cannot be responded to as written.

Relief Requested: State basis for attorney-client relationship and when an engagement was executed with Plaintiff, Dover Limited. State basis for fiduciary duty. Moore v. Fidelity Fin. Servs. supra

7

Plaintiff allegation at Compl. ¶ 66 contains the following defect:

Allegations against Defendants Morrow and Hartsfield are plead together and confuse the time line of events. Hartsfield's time line commences in June 2003 and continued to the filing of the complaint. Morrow's time line commences in the summer of 2006.

<u>Relief Requested</u>: Separate the timelines and plead each cause of action separately as to each defendant. This will afford each defendant the opportunity to respond to the complaint based upon allegations that are relevant to each defendant. <u>Fed.R.Civ</u>. 8. <u>James W. Moore, Moore's Federal Practice 3d</u>, supra

### **The Plaintiff alleges unjust enrichment at Compl. ¶¶ 73 through 78**

Allegations against Defendants Morrow and Hartsfield are plead together and confuse the time line of events. Hartsfield's time line commences in June 2003 and continued to the filing of the complaint. Morrow's time line commences in the summer of 2006.

<u>Relief Requested</u>: Separate the timelines and plead each cause of action separately as to each defendant. This will afford each defendant the opportunity to respond to the complaint based upon allegations that are relevant to each defendant. <u>Fed.R.Civ</u>. 8. <u>James W. Moore, Moore's Federal Practice 3d</u>, supra

### **The Plaintiff alleges conversion at Compl. ¶¶ 94 through 104**

Allegations against Defendants Morrow and Hartsfield are plead together and confuse the time line of events. Hartsfield's time line commences in June 2003 and continued to the filing of the complaint. Morrow's time line commences in the summer of 2006.

Relief Requested: Separate the timelines and plead each cause of action separately as to each defendant. This will afford each defendant the opportunity to respond to the complaint based upon allegations that are relevant to each defendant. Fed.R.Civ. 8. James W. Moore, Moore's Federal Practice 3d, supra

"A more definite statement will be required when `defendants can only guess as to what conduct … an allegation refers.'" 555 M Manufacturing, Inc. v. Calvin Klein, Inc., 13 F. Supp. 2d 719, 724 (N.D.Ill. 1998) (quoting Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc., 882 F. Supp. 713, 726 (N.D.Ill. 1995). Intimate Bookshop, Inc. v. Barnes & Noble, Inc., supra.

## CONCLUSION

For the foregoing reasons, Defendants Morrow's motion for a more definite statement as to the second, fifth and seventh causes of action of the complaint as against them should be granted.

Dated: Raleigh, NC
August 1, 2008

Respectfully submitted

By: _____
TJ Morrow, Esq.

2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,

    Plaintiff,                           08 CV 1337 (LTS)

    v.                                 AFFIRMATION OF SERVICE

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

    Defendant,
_____

    I, TJ Morrow, **declare under penalty of perjury** that I have served a copy of the attached Notice of Motion, Affirmation in Support and Memorandum of Law for a Motion for a More Definite Statement for the second, fifth and seventh causes of action as against TJ Morrow and TJ Morrow, PC pursuant to Rule 12(e) upon the Law Office of Thomas M. Mullaney, attn: Thomas M. Mullaney, Esq., whose address is 708 Third Avenue, Suite 2500, New York, New York 10017 by FedEx overnight mail with tracking # 849222322679 on April 3, 2008. The stated papers were electronically filed on the ECF system on August 4, 2008.

Dated: Raleigh, NC
       August 4, 2008

                                             By: _____
                                                 TJ Morrow, Esq.

                                              2501 Blue Ridge Road, Suite 150
                                              Raleigh, NC 27607
                                              (919) 863-4328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,

    Plaintiff,

    v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

       Defendant,
_____

08 CV 1337 (LTS)

AFFIRMATION IN
SUPPORT OF MOTION

    I, TJ Morrow, affirm under penalty of perjury that:

1. We, TJ Morrow/TJ Morrow PC are defendants in the above entitled action, and respectfully move this Court to issue an order pursuant to Rule 12(e) for a more definite statement for the second, fifth and seventh cause of action of plaintiff's complaint.

2. The reason why we are entitled to the relief is the following: Plaintiff pleads breach of fiduciary duty as the second cause of action, unjust enrichment in its fifth cause of action and conversion in its seventh cause of action. The causes of action as plead are vague and ambiguous. As a basis for these claims complainant alleges that Mr. Morrow was introduced to Plaintiff in the summer of 2006 and received a wire in late October 2006, but in the pleading Mr. Morrow and TJ Morrow, PC are alleged to have breached their fiduciary duty and benefited from unjust enrichment and conversion dating back to June 2003. Accordingly these

causes of action require a more definite statement as Defendants Morrow can only guess as to what conduct each allegations refers.

3. As per Individual Practice Rule 2B an informal effort to resolve issues have occurred from April 3, 2008. I am of the opinion that the causes of action challenged by the Rule 12(e) motion will not be resolved informally

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  Raleigh, NC
August 1, 2008

By: _____
TJ Morrow, Esq.

2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328