UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,

       Plaintiff,

     v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

       Defendant,

_____

       08 CV 1337 (LTS)

       NOTICE OF MOTION

      PLEASE TAKE NOTICE that upon the affirmation of TJ Morrow, affirmed on August 1, 2008 and the accompanying Memorandum of Law in Support of this Motion and the pleading herein, the undersigned Defendant will move this Court, before Laura Taylor Swain for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure granting the dismissal of the first, fourth, sixth and eighth causes of action of the complaint against TJ Morrow and TJ Morrow, PC.

      **I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  Raleigh, NC
      August 1, 2008

          By: _____
             TJ Morrow, Esq.

          2501 Blue Ridge Road, Suite 150
          Raleigh, NC 27607
          (919) 863-4328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,                                          08 CV 1337 (LTS)

      Plaintiff,

    v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

      Defendant,

_____


**MEMORANDUM OF LAW IN SUPPORT OF A MOTION TO DISMISS THE
FIRST, FOURTH, SIXTH AND EIGHTH CAUSES OF ACTION OF THE
COMPLAINT AGAINST TJ MORROW and TJ MORROW, PC**


TJ Morrow, Esq.
2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………….....  ii

PRELIMINARY STATEMENT……………………………………………….  2

STATEMENT OF FACTS…………………………………………………….  4

ARGUMENT………………………………………………………………..…  6

THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR
CONSPIRACY AGAINST EITHER MOVANT…………………………… …..  6

THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR
VIOLATION OF § 10b OF THE 34' ACT OR RULE 10b-5 AGAINST
EITHER MOVANT…………………………………. ……………….....…..…………  7

THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR
COMMON LAW FRAUD AGAINST EITHER MOVANT……..…………….  9

THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR
BREACH OF CONTRACT AGAINST EITHER MOVANT……..…....…………  12

CONCLUSION…………………………………………………………………….  14

# TABLE OF AUTHORITIES

Page(s)

Statutes

§10b, Securities Exchange Act……………………………………     8

Rules

Fed.R.Civ.P. 9 (b)……………………………………………     10

Fed.R.Civ.P 12(b)(6)…………………………………………     13

Rule 10b-5……………………………………………………     7

Cases

Boley v. Pineloch Associates, Ltd., (S.D.N.Y. 1988)
700 F. Supp. 673 at [fn9]……………………………………     7

Barclay Arms, Inc. v. Barclay Arms Assocs.,  540 N.E. 2d 707,
709 (N.Y. 1989)………………………………………………     9

Brackett v. Griswold, 112 N.Y. 454, 467……………………………..     6

Caniglia v. Chicago Tribune-New York News Syndicate, Inc.,
612 N.Y.S. 2d 146, 147 (1st Dept. 1994)……………………………     9

Caremark, Inc. v. Coram Healthcare Corp., 113 F. 3d 645, 648
(7th Cir. 1997)………………………………………………..     7

Channel Master Corp. v. Aluminum Ltd. Sales, 151 N.E. 2d. 833
 (N.Y. 1958)…………………………………………………     9

Decker v. Massey-Ferguson Ltd., 681 F. 2d 111, 120-21
(2d Cir. 1982)………………………………………………..     8

In re Cendant Corp. Sec. Litig., 139 F. Supp. 2d 585, 604 n. 10
(D.N.J. 2001)………………………………………………...     13

In re Motel 6 Sec. Litig., 93 Civ. 2183, 1997 WL 154011, at 5-6
(S.D.N Y April 2, 1997)……………………………………………..    11

Keywell Corp. v. Weinstein, 33 F. 3d.159, 163 (2d Cir. 1994)    9

Lomaglio Assocs. Inc. v. LBK Marketing Corp., 876 F. Supp. 41,
45 (S.D.N.Y. 1995)………………………………………………..    10

MBF Clearing Corp. v. Shine, 212 A.D.2d 478, 479,
623 N.Y.S.2d 204……………………………………………………    6
MK Strategies, LLC v. Ann Taylor Stores Corporation
and The Tower Group, Inc (N.J. 12-6-2007) Civil Action No.
1:07-cv-02519.United States District Court, D. New Jersey…………    13

Modern Settings, Inc. v. Prudential-Bache Securities, Inc.,
602 F. Supp. 511, 514 (S.D.N.Y. 1984)………………………………    8

Olshansky v. Sutton, (S.D.N.Y. 2001) 00 Civ. 3539  (LAP………….    9, 11

Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co., 722 F. Supp. 184,
219 (D.N.J.1989) …………………………………………………    12

Roebuck v. Guttman, 678 F. Supp. 68, 69 (S.D.N.Y. 1988)…………    8

Ross v. A.H. Robins Co.,607 F. 2d 545, 558 (2d Cir. 1979),  cert.
denied 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980)……….    8

Routsis v. Swanson, 26 A.D. 2d 67, 71…………………………….    6

The Golden Budha Corp. v. Canadian Land Co. of Amer., N.V.,
931 F. 2d 196, 202 (2d Cir)…………………………………………    10

Tricontinental Industries v. PWC ., 475 F.3d 824 (7th Cir. 2007)……    7, 8

Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.,
210 F. Supp. 2d 552, 561 (D.N.J. 2002)………………………………    12

Wright v.Prudential Ins. Co. of Am., 285 F.Supp.2d 515, 524
(D.N.J. 2003)……………………………………………………    13

Other Authorities

5 Wright & Miller, Federal Practice & Procedure, § 1235 at 189-90)..    12

**MEMORANDUM OF LAW IN SUPPORT OF TJ MORROW and TJ MORROW,
PC's  MOTION TO DISMISS THE FIRST, FOURTH, SIXTH AND EIGHTH
<u>CAUSES OF ACTION OF THE COMPLAINT</u>**

Defendants, TJ Morrow and TJ Morrow, PC, hereinafter "Defendants Morrow"
submit this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure, to dismiss the complaint as against them on the first,
fourth, sixth and eighth causes of action, for failure to state a claim upon which relief can
be granted.   These causes of action are for common law fraud, breach of contract,
violations of the Securities Exchange Act §10b and Rule 10b-5 and conspiracy,
respectively.   Movant will argue for the dismissal of each cause of action in the following
order: conspiracy,  §10b and Rule 10b-5 violations, breach of contract and common law
fraud.

## PRELIMINARY STATEMENT

TJ Morrow, PC is an inactive professional corporation. TJ Morrow is an attorney that is licensed in the state of New York but inactive in the practice of law. Defendants Morrow are named as defendants in this case solely on the basis that the company utilized a company business account to receive funds directed to it by Mr. Begley, a defendant in this case, pursuant to a loan agreement he had with the plaintiff. Mr. Begley negotiated a loan with the plaintiff. On or about August 28, 2006 Mr. Begley directed $ 450,000.00 to a company account of TJ Morrow, PC. According to bank records this amount did not come from the plaintiff. Again on October 3, 2006, Mr. Begley directed a second installment of $ 450,000.00 to the same company account of TJ Morrow, PC. According to bank records this amount did come from the plaintiff. These funds were to be utilized for a business venture involving acquisition of term life insurance policies and construction of a financial framework to profit from their acquisition. Prior to October 3, 2006 Defendants Morrow had no dealings with Mr. Begley concerning receipt of any funds that concern the subject matter of the instant complaint. Further, neither Defendants Morrow ever contracted with plaintiff nor represented plaintiff in any manner whatsoever. Mr. Begley instructed Plaintiff to release his loan. Defendants Morrow hired several high profile advisors and consultants to complete a financial structure with term life insurance policies as envisioned by the project. Mr. Begley was to provide the structure with term life insurance policies and failed to deliver those policies to Defendants Morrow as agreed. Therefore, the structure could not be completed. Shortly

2

thereafter Mr. Begley defaulted upon the loan to the plaintiff.

The matter relative to Defendants Morrow involves a loan plaintiff made to Mr. Begley and his default on that loan. When the default on this loan occurred Mr. Begley had a history with the plaintiff dating back to at least June 2003. Defendants Morrow had no knowledge of the plaintiff until the summer of 2006.

Plaintiff pleads conspiracy as the eighth cause of action. New York law does not recognize this common law tort and therefore this cause of action must fail. Neither a § 10b nor Rule 10b-5 violation as a private cause of action or common law fraud exist upon the facts presented as against Defendants Morrow and therefore must fail. No contract ever existed between plaintiff and Defendants Morrow. Absent a contract this cause of action must fail. Accordingly, Plaintiff's conspiracy, § 10b nor Rule 10b-5 claim, common fraud and breach of contract claims against Defendants Morrow fail to state claims upon which relief can be granted. Those causes of action in the complaint should be dismissed as against TJ Morrow and TJ Morrow, PC.

## STATEMENT OF FACTS

Between June 2003 and the summer of 2006 all defendants had met and knew of plaintiff, except Defendants Morrow. The association the other defendants had with Plaintiff is recounted in 40 paragraphs. Compl. ¶¶ 1 through 40. On April 22, 2006 Defendant Begley claimed on Hartsfield Capital letterhead that Mansell was holding Dover funds in the amount of 3.25MM. This claim was false. Compl. ¶ 39 Thomas O. Begley & Associates and Hartsfield Capital acknowledged that they owed plaintiff $ 3.25MM. Compl. ¶ 41 Mr. Begley proposed to plaintiff that a new business be formed which would purchase term life insurance policies for less than face value. Compl. ¶ 41   Mr. Begley represented to the plaintiff that he required a $ 900,000 working capital loan. Compl. ¶ 42 The working capital loan was to be used for drafting the necessary formation documents, coordinating the acquisition of insurance policies and paying Mr. Morrow's legal fees. Compl. ¶ 43   Mr. Morrow was first mentioned at this point and did not receive any working capital funds on behalf of Mr. Begley until late October 2006. Compl. ¶ 46 Beginning in November 2006 plaintiff complained that an interest payment was missed. Dover wanted to know the status of the $ 900,000. Compl. ¶ 47   Morrow claimed that he and Begley were in the process of forming the Insuragift program. Compl. ¶ 48   Plaintiff demanded a detailed description of how the loan was spent. No back-up documents were provided. Compl. ¶ 49 In December 2006 representatives of Dover traveled to New York and met with Mr. Begley.   Compl. ¶ 51 Mr.  Begley blamed Mr.  Morrow for the loss of $  900,000 and claimed that he hired a lawyer to pursue Mr. Morrow.   No record of such

4

litigation exists on Pacer for the Southern District of New York or on the eCourts electronic docket for the New York Supreme Court. Compl. ¶ 54

Mr. Begley defaulted on the loan he borrowed from the plaintiff. Now plaintiff asserts conspiracy, securities law violations and common law fraud against the Defendants Morrow that date back to June 2003. Compl. ¶¶ 14 through 39. Plaintiff has alleged facts against Defendants Morrow for acts dating back to June 2003 though they did not know of Defendants Morrow until the summer of 2006. Compl. ¶¶ 14 through 39 compare with Compl. ¶ 42   As such Defendants Morrow cannot be held liable for any alleged acts dating back to June 2003 for $ 4.15MM.  As such these causes of action must fail. (Plaintiff's eighth, sixth and first causes of action) Conspiracy is not recognized as an independent tort under New York law.  As such these claims must fail.  Compl. ¶¶ 104 through 107   (*See*, *Compl.¶ 60 Defendants Morrow were not introduced into the pleadings until the summer of 2006, compare Compl.¶ 39 where Mr. Begley on April 22, 2006 on Hartsfield letterhead acknowledged holding Plaintiff's 3.25MM)*  Plaintiff pleads a breach of contract for its fourth cause of action though Plaintiff has not plead that Defendants Morrow had ever executed a contract with plaintiff, a fatal defect. Compl. ¶¶ 71 and 72

Whatever the validity of Plaintiff's claims against the defendants, excluding Defendants Morrow, funds remitted to Mr. Begley was a loan. Mr. Begley executed a loan agreement with Plaintiffs. Well settled law precludes a legally viable claim against the Defendants Morrow on the facts alleged in the first, fourth sixth and eighth causes of action.

5

## **ARGUMENT**

### THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR <u>CONSPIRACY AGAINST EITHER MOVANT</u>

In one conclusory statement plaintiff alleges as follows:

"Throughout the course if their interaction with Plaintiff, Defendants have participated in a conspiracy to deprive Plaintiff of millions of dollars. The conspiracy began in the summer of 2003 and continued through late 2006. They used Plaintiff's money for their own benefit despite repeated promises that they would protect Plaintiff's funds, that no principal would be lost, and that the money invested was insured and would e invested in legitimate business operations. Plaintiff has lost over four million dollars based on Defendants misrepresentations. Their actions were part of a conspiracy to deprive Plaintiff of its funds." Compl. ¶ 106

This claim should be properly dismissed on the grounds that New York does not recognize a substantive tort of conspiracy <u>Routsis v. Swanson</u>, 26 A.D. 2d 67, 71 Further New York law neither recognizes a cause of action for conspiracy to commit fraud nor aiding and abetting fraud … . A "'mere conspiracy to commit a fraud is never of itself a cause of action'" Therefore this cause of action as a mater of law must fail. <u>MBF Clearing Corp. v. Shine</u>, 212 A.D.2d 478, 479, 623 N.Y.S.2d 204 quoting <u>Brackett v. Griswold</u>, 112 N.Y. 454, 467

The concept of conspiracy permeates the thinking of the complainant throughout the complaint. Defendants Morrow first knew of the plaintiff during the late summer of 2006. However complainant attempts to link a chain of events involving all defendants dating back to June 2003 to Defendants Morrow. The causes of action that are the subject of this motion all contain this fatal flaw and are defective. Each challenged cause of action requires pleading facts that occurred prior to late summer 2006 and therefore has no factual relevance to Defendants Morrow. <u>MBF Clearing</u>, <u>supra</u>

6

THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR VIOLATION
OF § 10b OF THE 34' ACT OR RULE 10b-5  AGAINST EITHER MOVANT

Plaintiff herein alleges this cause of action against investment professionals that involve a non-depletion account used as an investment. Compl. ¶¶ 80 and 81 Plaintiffs allege that the investment professionals they have dealt with made false representations and misled it. Compl. ¶¶ 82 through 84 The cause of action names with some particularity all of the Defendants in this action except Defendants Morrow. Compl. ¶¶ 80-95  As such this cause of action must fail as against Defendants Morrow.  The allegations though without a specific date allege a timeline that begins in June 2003 and by all accounts has ended before April 22, 2006. Compare Compl. ¶ 39 to Compl. ¶ 60

In order to state a claim for a private cause of action under Rule 10b-5, a plaintiff must allege: "(1) the defendant made a false statement or omission (2) of material fact (3) with scienter (4) in connection with the purchase or sale of securities (5) upon which the plaintiff justifiably relied (6) and that the false statement proximately caused the plaintiff's damages." Tricontinental Industries v. PWC ., 475 F.3d 824 (7th Cir. 2007) quoting Caremark, Inc. v. Coram Healthcare Corp., 113 F. 3d 645, 648 (7th Cir. 1997). With respect to 10b-5 causes of action, causation has two necessary components: "transaction causation" and "loss causation." Id. "To plead transaction causation, the plaintiff must allege that it would not have invested in the instrument if the defendant had stated truthfully the material facts at the time of the sale. "Id." To plead loss causation, the plaintiff must allege that it was the very facts about which the defendant lied which

7

caused its injuries." *Id*. Boley v. Pineloch Associates, Ltd., (S.D.N.Y. 1988) 700 F. Supp.

673  Boley at [fn9]  sums up the entire argument against Plaintiff's claim of securities

law violations against Defendants Morrow:

"Plaintiffs should be aware that because claims under § 10(b) and 10b-5 require proof of
scienter, their claims against [D]efendants [Morrow] are inadequately pleaded. Under the
law of this circuit, plaintiffs must "specifically plead those events which they assert give
rise to a strong inference that the defendants had knowledge of the facts [of the fraudulent
activity or] ... recklessly disregarded their existence." Ross v. A.H. Robins Co.,607 F. 2d
545, 558 (2d Cir. 1979), *cert. denied* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802
(1980); Roebuck v. Guttman, 678 F. Supp. 68, 69 (S.D.N.Y. 1988);  Modern Settings,
Inc. v. Prudential-Bache Securities, Inc., 602 F. Supp. 511, 514 (S.D.N.Y. 1984); Decker
v. Massey-Ferguson Ltd., 681 F. 2d 111, 120-21 (2d Cir. 1982)."

There are no such allegations that can remotely be considered securities violations

pleaded against Defendants Morrow. The securities violations alleged by Plaintiff

commenced in June 2003 and had concluded by April 22, 2006.  This is long before the

Defendants Morrow ever knew of the Plaintiff.  As such the sixth cause of action must be

dismissed. Tricontinental Industries v. PWC ., supra.

THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR COMMON
LAW FRAUD AGAINST EITHER MOVANT
.

Plaintiff's first cause of action alleges fraud. To establish a claim for fraud under New York law, the plaintiff must plead the following elements: (1) that the defendant made a material false representation, (2) that the defendant intended to defraud the plaintiff with such representation, (3) that the plaintiff reasonably relied on the representation, and (4) that the plaintiff suffered damage as a result of such reliance. Olshansky v. Sutton, (S.D.N.Y. 2001) 00 Civ. 3539  (LAP) citing Keywell Corp. v. Weinstein, 33 F. 3d.159, 163 (2d Cir. 1994); see Barclay Arms, Inc. v. Barclay Arms Assocs.,  540 N.E. 2d 707, 709 (N.Y. 1989) (noting that elements of fraud include misrepresentation of material fact, falsity, scienter, reliance, and damages); Channel Master Corp. v. Aluminum Ltd. Sales, 151 N.E. 2d. 833 (N.Y. 1958); Caniglia v. Chicago Tribune-New York News Syndicate, Inc., 612 N.Y.S. 2d 146, 147 (1st Dept. 1994).

The existence of a false representation attributable to Defendants Morrow is the first imperative in any fraud claim. The basis for all claims against Defendants Morrow is alleged in Compl. ¶¶ 40 to 55 and the cause of action for fraud is alleged at Compl. ¶¶ 56 to 62.  Plaintiff fails to state the false representation(s) made by Defendants Morrow. Further, the pleadings do not state that Defendants Morrow made any false representations with intent to defraud plaintiff. Defendants' misrepresentations and reasonable reliance leading to a Plaintiff loss of $4.15MM are pleaded generally but no false representations are specifically pleaded as against Defendants Morrow prior to funds being wired to any business account of TJ  Morrow, PC.  A generally pleading does

9

not satisfy this requirement and is fatal to plaintiff's fraud claim.  Plaintiff must allege the "particulars regarding the fraudulent speech, the time and place at which the statements were made, and the identity of individual making the fraudulent statements" <u>Lomaglio Assocs. Inc. v. LBK Marketing Corp.,</u> 876 F. Supp. 41, 45 (S.D.N.Y. 1995); <u>Fed.R.Civ.P.</u> 9 (b) (requiring fraud to be plead with particularity). <u>See</u>, e.g., T<u>he Golden Budha Corp. v. Canadian Land Co. of Amer., N.V.,</u> 931 F. 2d 196, 202 (2d Cir. 1990) (noting that claim for fraud "requires a false misrepresentation of a material fact, by one who knows it to be false, for the purpose of inducing another to rely upon it, as well as actual reliance to his injury by the defrauded party in ignorance of the falsity" and finding that "necessary allegations are totally absent from the complaint")

   The closest plaintiff comes to pleading a false representation is in an alleged omission to disclose alleged employment by Hartsfield of Defendant Morrow.  Compl. ¶ 45  This is an unsubstantiated and conclusory claim.  Further, Plaintiff does not allege that failure to disclose this alleged relationship was reasonably relied upon. Compl. ¶ 62 Certainly it had no bearing on whether plaintiff would loan funds to Mr. Begley.  At this point Defendants Morrow neither had knowledge of nor any dealings with plaintiff. All loan negotiation was performed entirely by Mr. Begley.  Plaintiff details the statements made by Mr. Begley concerning the working capital loan. Compl. ¶ 43  Plaintiff's claim for fraud must be dismissed for failure to plead reliance on any alleged misrepresentations made by Defendants Morrow or omissions. <u>In re Motel 6 Sec. Litig.</u>, 93 Civ. 2183, 1997 WL 154011, at *5-6 (S.D.N Y April 2, 1997)  (holding that fraud claim must be

10

dismissed because plaintiff failed to allege facts to support claim that they relied on defendants' omissions). Purely as a matter of pleading, the complaint is deficient in this regard. Due to these fatal errors the plaintiff has failed to state a cause of action that sounds in fraud as against Defendants Morrow. <u>Olshansky v. Sutton,</u> (S.D.N.Y. 2001) 00 Civ. 3539 (LAP)

## THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM FOR BREACH OF CONTRACT AGAINST EITHER MOVANT

It is a basic proposition of contract law that a contract must exist between the parties. A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties.  See Pub. Serv.Enter. Group, Inc. v. Phila. Elec. Co., 722 F. Supp. 184, 219 (D.N.J.1989) (citing 5 Wright & Miller, Federal Practice & Procedure, § 1235 at 189-90)  It is clear that Mr. Begley represented to the plaintiff that a working capital loan of $ 900,000 was necessary to commence his business. Compl. ¶ 42  Nowhere in complaint does the plaintiff allege that a contract existed between Plaintiff and Defendants Morrow. Considering that Plaintiff and every defendant, except movants, from June 2003 to the summer of 2006 had an association, it would appear reasonable that plaintiff would again turn to either Hartsfield Capital or Mr. Begley for investment counsel as they had done for the prior three years. This reasoning would appear to have credence from the complaint.  Plaintiff clearly advised Mr. Begley that he should file a lawsuit against Defendants Morrow.  Mr. Begley did not pursue this avenue. Compl. ¶ 54  There would be no reason for Plaintiff to pursue such a course of action if it had an agreement with Defendants Morrow.  Even assuming plaintiff's allegations are true,  as the Court is required to do on a Rule 12(b)(6) motion,   Plaintiff's Complaint fails to allege the first essential element of a breach of contract claim: that there exists a contract between the parties. Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002); See Pub. Serv. Enter. Group

12

Inc. v. Phila. Elec. Co., supra at 219 (D.N.J. 1989) (citing 5 Wright & Miller, Federal Practice & Procedure, § 1235 at 189-90); see also In re Cendant Corp. Sec. Litig., 139 F. Supp. 2d 585, 604 n. 10 (D.N.J. 2001).

Plaintiff aims the allegations in Count Four for contract breach at a missed interest payment due according to the terms of an agreement. Compl. ¶ 47 This is a factual admission by Plaintiff that a loan agreement was at some point executed. The mystery is whether the contract executed was by and between Plaintiff and Mr. Begley or included Defendants Morrow. Insight into this missing allegation arises when Mr. Begley is advised by Plaintiff to file a lawsuit against Defendants Morrow. Compl. ¶ 54 Mr. Begley would be the natural entity to file a lawsuit as he had the agreement with the Plaintiff. This would be only natural as Mr. Begley had an association with the Plaintiff since June 2003 and owed them 3.25MM. Compl. ¶ 14, 25, 36 and 39 Any agreement to remit funds was solely between the Plaintiff and Mr. Begley. Defendants Morrow had no agreement or contract with Plaintiff and Count Four does not allege the existence of a contract or otherwise between Plaintiff and Defendants Morrow. This failure to allege the first element of a breach of contract claim is fatal. See Wright v.Prudential Ins. Co. of Am., 285 F.Supp.2d 515, 524 (D.N.J. 2003) (noting that breach of contract claim would fail Rule 12(b)(6) analysis because plaintiff could not establish elements of breach of contract). Accordingly, the Court should grant Defendants Morrow motion to dismiss Count Four. MK Strategies, LLC v. Ann Taylor Stores Corporation and The Tower Group, Inc (N.J. 12-6-2007) Civil Action No. 1:07-cv-02519.United States District Court, D. New Jersey.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants Morrow's motion to dismiss the first, fourth, sixth and eighth causes of action of the complaint as against them should be granted.

Dated: Raleigh, NC
       August 1, 2008

                        Respectfully submitted

By: _____
     TJ Morrow, Esq.

     2501 Blue Ridge Road, Suite 150
     Raleigh, NC 27607
     (919) 863-4328

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DOVER LIMITED,

          Plaintiff,

          v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

          Defendant,

_____

08 CV 1337 (LTS)

AFFIRMATION OF SERVICE

        I, TJ Morrow, **declare under penalty of perjury** that I have served a copy of the attached Notice of Motion, Affirmation in Support and Memorandum of Law for a Motion to Dismiss the first, fourth, sixth and eighth causes of action as against TJ Morrow and TJ Morrow, PC pursuant to Rule 12(b)(6) upon the Law Office of Thomas M. Mullaney, attn: Thomas M. Mullaney, Esq., whose address is 708 Third Avenue, Suite 2500, New York, New York 10017 by FedEx overnight mail. Tracking # 849222322679 on April 3, 2008. The stated papers were electronically filed on the ECF system on August 4, 2008.

Dated:  Raleigh, NC
          August 4, 2008

By: _____
      TJ Morrow, Esq.

2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,                                               08 CV 1337 (LTS)

      Plaintiff,

      v.                                            AFFIRMATION IN
                                                            SUPPORT OF MOTION

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

      Defendant,

_____

      I, TJ Morrow, affirm under penalty of perjury that:

1.    We, TJ Morrow/TJ Morrow PC are defendants in the above entitled action, and respectfully move this Court to issue an order pursuant to Rule 12(b)(6) dismissing the first, fourth, sixth and eighth cause of action of plaintiff's complaint.

2.    The reason why we are entitled to the relief is the following: Plaintiff pleads conspiracy as the eighth cause of action. New York law does not recognize this common law tort and therefore this cause of action must fail.  Neither a § 10b nor Rule 10b-5 violation as a private cause of action or common law fraud exist upon the facts presented as against Defendants Morrow and therefore must fail. The securities violation is complainant's sixth cause of action and common law fraud is the first cause of action. Moreover, plaintiff fails to allege any false representation attributed to Defendants Morrow relied upon by plaintiff or for that

matter any element of fraud. No contract ever existed between plaintiff and Defendants Morrow. Absent a contract this cause of action must fail. Breach of contract is complainant's fourth cause of action.    Plaintiff's conspiracy, § 10b nor Rule 10b-5 claim, breach of contract and common fraud claims against Defendants Morrow fail to state claims upon which relief can be granted. Those causes of action in the complaint should be dismissed as against TJ Morrow and TJ Morrow, PC.    Further the matter relative to TJ Morrow and TJ Morrow, PC involves a loan plaintiff made to Mr. Begley and his default on that loan. When the default on this loan occurred Mr. Begley had a history with the plaintiff dating back to at least June 2003. Defendants Morrow had no knowledge of the plaintiff until the summer of 2006.  The allegations relating the challenged causes of action date back to June 2003 and had been concluded prior to either movant having any knowledge of, or contact with, the plaintiff.

3.  As per Individual Practice Rule 2B an informal effort to resolve issues have occurred from April 2008. I am of the opinion that the causes of action challenged by the Rule 12(b)(6) motion will not be resolved informally.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  Raleigh, NC
        August 4, 2008

                                    By: _____
                                         TJ Morrow, Esq.

                                    2501 Blue Ridge Road, Suite 150
                                    Raleigh, NC 27607
                                    (919) 863-4328