UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOVER LIMITED,

    Plaintiff,

  v.

Alain Assemi, Hartsfield Capital Securities, Inc.,
Hartsfield Capital Group, Stephen J. Lovett,
John H. Banzhaf, Delbert D. Reichardt,
Mansell Capital Partners, LLC., Thomas O. Begley,
Thomas O. Begley & Associates, TJ Morrow and
TJ Morrow, PC.

    Defendant,
_____

08 CV 1337 (LTS)

AFFIRMATION IN
SUPPORT OF MOTION

I, TJ Morrow, affirm under penalty of perjury that:

1. We, TJ Morrow/TJ Morrow PC are defendants in the above entitled action, and respectfully move this Court to issue an order pursuant to Rule 12(b)(6) dismissing the first, fourth, sixth and eighth cause of action of plaintiff's complaint.

2. The reason why we are entitled to the relief is the following: Plaintiff pleads conspiracy as the eighth cause of action. New York law does not recognize this common law tort and therefore this cause of action must fail. Neither a § 10b nor Rule 10b-5 violation as a private cause of action or common law fraud exist upon the facts presented as against Defendants Morrow and therefore must fail. The securities violation is complainant's sixth cause of action and common law fraud is the first cause of action. Moreover, plaintiff fails to allege any false representation attributed to Defendants Morrow relied upon by plaintiff or for that

matter any element of fraud. No contract ever existed between plaintiff and Defendants Morrow. Absent a contract this cause of action must fail. Breach of contract is complainant's fourth cause of action. Plaintiff's conspiracy, § 10b nor Rule 10b-5 claim, breach of contract and common fraud claims against Defendants Morrow fail to state claims upon which relief can be granted. Those causes of action in the complaint should be dismissed as against TJ Morrow and TJ Morrow, PC. Further the matter relative to TJ Morrow and TJ Morrow, PC involves a loan plaintiff made to Mr. Begley and his default on that loan. When the default on this loan occurred Mr. Begley had a history with the plaintiff dating back to at least June 2003. Defendants Morrow had no knowledge of the plaintiff until the summer of 2006. The allegations relating the challenged causes of action date back to June 2003 and had been concluded prior to either movant having any knowledge of, or contact with, the plaintiff.

3. As per Individual Practice Rule 2B an informal effort to resolve issues have occurred from April 2008. I am of the opinion that the causes of action challenged by the Rule 12(b)(6) motion will not be resolved informally.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: Raleigh, NC
August 4, 2008

By: _____
TJ Morrow, Esq.

2501 Blue Ridge Road, Suite 150
Raleigh, NC 27607
(919) 863-4328