UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DOVER LIMITED,

        Plaintiff,

  -v-                                          No. 08 Civ. 1337 (LTS)(JCF)

ALAIN ASSEMI et al.,

        Defendants.

-------------------------------------------------------x

### MEMORANDUM OPINION

        In this action arising out of an alleged fraudulent investment scheme, plaintiff Dover Limited, a Hong Kong corporation with its principal place of business in Singapore ("Plaintiff" or "Dover"), asserts various common law claims, as well as claims under the federal securities laws, against the following defendants: Alain Assemi, who resides in Switzerland; Tyrone John Morrow, who resides in North Carolina; TJ Morrow PC, an allegedly inactive New York corporation controlled by Morrow; John Banzhaf, Delbert Reichardt, Stephen Lovett and Thomas Begley, all of whom are domiciled in Georgia; Thomas Begley & Associates, Argosy Capital Securities (formerly Hartsfield Capital Securities) and Hartsfield Capital Group, Georgia corporations that are not represented in this action and are in default; and Mansell Capital Partners, a Georgia limited liability company that is not represented in this action and is in default. The Court has subject matter jurisdiction of the claims that arise under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of the remaining claims pursuant to 28 U.S.C. § 1367.

The following motions are before the Court: Assemi's motion to dismiss the complaint (docket entry no. 17); Begley and Lovett's motion to dismiss the complaint or, in the alternative, to transfer the venue of this action to the Northern District of Georgia, which motion has been joined by Banzhaf and Reichardt (docket entry nos. 25 and 30); Plaintiff's motion for a default judgment against Mansell Capital Partners (docket entry no. 37); and Morrow and TJ Morrow PC's motion to dismiss the complaint and motion for a more definite statement (docket entry no. 56). Defendants Begley, Lovett, Banzhaf and Reichardt have all asserted, *inter alia*, that the Court lacks personal jurisdiction over them.[1]

BACKGROUND

On February 26, 2009, following the withdrawal of counsel for defendants Begley, Lovett, Thomas Begley & Associates and Hartsfield Capital Group, as well as the Court's receipt of a (subsequently granted) application for withdrawal filed by counsel for defendants Reichardt, Banzhaf and Argosy Capital Securities, the Court issued an order requiring that each of the above-mentioned individual defendants file a notice of appearance either *pro se* or by new counsel and that any entity defendant appear by counsel by March 31, 2009. (Docket entry no. 75.) At the time, the above-mentioned defendants had submitted motions to dismiss the complaint, Plaintiff had submitted opposition papers, and the defendants, possibly owing to the cessation of their relationships with counsel, had failed to file reply submissions. The Court

---

[1] Assemi argued in his dismissal motion that the Court lacks personal jurisdiction over him as well (docket entry no. 17). This defense has, however, been waived because Assemi had previously interposed an answer to the Complaint that asserted a counterclaim and did not explicitly contest personal jurisdiction (docket entry no. 6). Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [including personal jurisdiction] must be made before pleading if a responsive pleading is allowed.").

granted these defendants additional time to do so.  (Id.)

Lovett, Begley, Banzhaf and Reichardt (the "Georgia Individual Defendants") all appeared *pro se* (docket entry nos. 78, 79, 80 and 81).  None of the Georgia Individual Defendants has submitted a reply brief.  None of the entity defendants has appeared.

DISCUSSION

Begley, Lovett, Banzhaf and Reichardt's Motion to Dismiss or, in the Alternative, to           Transfer Venue

The parties dispute whether Begley, Lovett, Banzhaf and Reichardt are subject to personal jurisdiction in New York.  The Georgia Individual Defendants submitted affidavits in support of their motion to dismiss the complaint in which they proffered facts purporting to demonstrate that their contacts with this forum were too limited to support this Court's exercise of personal jurisdiction over them.  The affidavits were prepared by counsel who have subsequently withdrawn from the case and, during jurisdiction-related depositions, the Georgia Individual Defendants' statements contradicted in part the representations they had made in their affidavits.  See, e.g., Mullaney Decl., Ex. C, pp. 24-25.  However, it is not necessary to determine whether the Georgia Individual Defendants have valid personal jurisdiction defenses in light of the Court's determination, explained below, that the claims against them will be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).  See Corke v. Sameiet M. S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978) (holding that a court may transfer a case even if the court does not have personal jurisdiction over the defendants).  The claims against the entity defendants controlled by the Georgia Individual Defendants (Thomas Begley & Associates, Hartsfield Capital Group, Argosy Capital Securities and Mansell Capital Partners (collectively "the Georgia Entity Defendants")) will also be transferred.

    Resolution of the Georgia Individual Defendants' transfer motion requires a two-pronged analysis.  The Court must determine whether the action "might have been brought" in the transferee court and, if so, whether it would be an appropriate exercise of the Court's discretion to order the transfer.[2]  An action "might have been brought" in the transferee court if that court would have subject matter jurisdiction of the claims, personal jurisdiction over the defendants and would constitute a proper venue.  <u>American Tel. & Tel. Co. v. Milgo Electronic Corp.</u>, 428 F. Supp. 50, 52 (S.D.N.Y. 1977).  The parties do not dispute that the Georgia Individual Defendants and the Georgia Entity Defendants would be subject to personal jurisdiction in the Northern District of Georgia and that a federal court of that district would have subject matter jurisdiction of the asserted claims.

    The Complaint alleges, *inter alia,* the following facts indicating that venue would be proper in the Northern District of Georgia as well.[3]  Wendy Yap, Director of Dover, met with Begley, Lovett and Banzhaf at Hartsfield Capital Securities' office in Alpharetta, Georgia.

---

[2]   28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C.A. § 1404(a) (West 2006).

[3]   28 U.S.C. § 1391(b) provides, in relevant part: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."  28 U.S.C.A. § 1391(b) (West 2006).

(Compl. ¶¶ 3, 24.)[4]  Hartsfield Capital Securities received a $6,750,000 investment from Plaintiff in Alpharetta, Georgia.  (Id. ¶¶ 3, 17.)  Plaintiff received correspondence from Alpharetta, Georgia that induced it to make a $900,000 investment with an escrow account controlled by TJ Morrow PC.  (Id. ¶ 46.)  These allegations constitute "a substantial part of the events or omissions giving rise to [Plaintiff's] claims" and are therefore sufficient to render the Northern District of Georgia a venue in which the action might have been brought.

>	The Court thus turns to the second prong of the analysis.

> In determining whether transfer is warranted for the convenience of the parties and witnesses [and] in the interest of justice under § 1404(a), courts generally consider several factors.  The factors to be considered . . . include (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998) (internal citations and quotation marks omitted).  The Georgia Individual Defendants are proceeding *pro se* and reside in Georgia, a factor which weighs heavily in favor of transfer.  See Sequa Corp. v. Patrick, No. 95 Civ. 3072, 1995 WL 640510, *1 (S.D.N.Y. Oct. 31, 1995).  In contrast, Plaintiff, a Hong Kong company based in Singapore, has no discernible ties to New York other than its New York-based counsel.  A plaintiff's choice of forum merits less consideration when, as here, it is not the plaintiff's home forum and the plaintiff's choice does not further genuine jurisdictional

---

[4]     The Court takes judicial notice of the fact that Alpharetta, Georgia is located in Fulton County, Georgia, which is within the Northern District of Georgia.  28 U.S.C. § 90.

convenience.  See Billing v. Commerce One, Inc., 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (granting defendant's motion to transfer venue when locus of operative facts and convenience of witnesses favored the transferee court and plaintiff had chosen a forum outside of his district of residence); cf. Norex Petroleum Ltd. v. Access Industries Inc., 416 F.3d 146, 155 (2d Cir. 2005) (stating, in the context of a *forum non conveniens* analysis, "Usually, the greatest deference is afforded a plaintiff's choice of its home forum, while less deference is afforded a foreign plaintiff's choice of a United States forum . . . the degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale depending on the degree of convenience reflected by the choice in a given case.") (internal quotation marks and citations omitted).

    The Northern District of Georgia is the locus of operative facts with respect to the claims against the Georgia Individual Defendants and the Georgia Entity Defendants.  The Complaint alleges that only one of those defendants, Begley, engaged in relevant conduct in New York (Compl. ¶ 28), whereas Hartsfield Capital Securities received a $6.75 million investment from Plaintiff in the Northern District of Georgia (id. ¶¶ 4, 17) and Banzhaf, Begley and Lovett met with Plaintiff in the Northern District of Georgia (id. ¶ 22).  The Georgia Individual Defendants and the Georgia Entity Defendants also sent Plaintiff considerable correspondence from the Northern District of Georgia and presumably most of the relevant available documentation is in that district.  (Id. ¶ 46.)

    In light of the totality of circumstances, transfer to the Northern District of Georgia of the claims asserted against the Georgia Individual Defendants and the Georgia Entity Defendants is appropriate.  In order to accomplish the transfer, the Court will sever the claims against the Georgia Individual Defendants and the Georgia Entity Defendants from the claims

asserted against Assemi, Morrow and TJ Morrow PC, pursuant to Rule 21 of the Federal Rules of Civil Procedure. See Cain v. New York State Bd. of Elections, 630 F. Supp. 221, 225-26 (E.D.N.Y. 1986) ("Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants."); 17 Moore's Federal Practice § 21.06[2] (Matthew Bender 3d ed.).

        Assemi's Motion to Dismiss

Assemi asserts the affirmative defense of *res judicata*. He proffers that Plaintiff's claims against him were already litigated (or could have been litigated) in a previous action that was concluded by a Stipulation and Order, entered by Magistrate Judge Frank Maas, in which Plaintiff's claims against Assemi alleging securities fraud were dismissed with prejudice.[5] "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The doctrine of *res judicata* applies with equal force to a court order approving a stipulation of settlement "as to a judgment on the merits entered after a trial or a dispositive motion." Lerner v. Reserve Mgmt. Co., No. 08 Civ. 1238, 1981 WL 1641, at *2 (S.D.N.Y. June 17, 1981) (citing Transcontinental Oil Corp. v. Trenton Products Co., 560

---

[5] The Court takes judicial notice of the Third Amended Complaint, dated June 20, 2006, and Stipulation and Order, dated October 5, 2007, in Dover Limited v. A.B. Watley, Inc., Case No. 04 Civ. 7366. See In re Howard's Exp., Inc., 151 Fed. App'x 46, 48 (2d Cir. 2005) ("we are empowered to take judicial notice of public filings").

F.2d 94, 107-08 (2d Cir. 1977)).  Plaintiff's opposition papers offer no rebuttal of Assemi's argument and it appears that the claims asserted against Assemi in the instant case were or could have been raised in the previous action.[6]  Accordingly, Assemi's motion to dismiss will be granted.

Assemi also asserts a counterclaim for fraud against Plaintiff.  Assemi's counterclaim names as additional parties Plaintiff's counsel, Thomas Mullaney, as well as Wendy Yap and Yip Yap, officers of Plaintiff.  Assemi has not served any of these three individuals and accordingly the Court does not have personal jurisdiction over them.  With respect to Assemi's counterclaim asserted against Plaintiff, Assemi's allegations are insufficient to satisfy the Court that it has jurisdiction of the subject matter of the action.[7]  "Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power," E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and accordingly, the Court will dismiss Assemi's counterclaim without prejudice and grant him leave to replead by August 31, 2009.[8]

---

[6] The Complaint alleges that "[i]n a litigation instituted in this Court, Defendant[] . . . Assemi entered into [a] Settlement Agreement with Dover, on which [he] promptly defaulted." (Compl. ¶ 17.)  Dover's remedy for Assemi's alleged default on a settlement agreement, however, is not relitigation of its claims in contravention of the principle of *res judicata.*

[7] For the purposes of 28 U.S.C. § 1332, a person is a citizen of a state if he is a citizen of the United States and is a domiciliary of that state.  E.g., Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y. 1986).  Assemi's Answer asserts that he "presently resides outside of the USA, but uses 1560 Vineyard Blvd., Ste. A161, Morgan Hill, CA 95037 as a mailing address."  This allegation is insufficient to enable the Court to determine Assemi's citizenship for the purposes of 28 U.S.C. §1332.

[8] The Court reminds Assemi that all counterclaim or third-party defendants other than Plaintiff must be served in conformity with Rule 4 of the Federal Rules of

>Morrow and TJ Morrow PC's Motion to Dismiss and Motion for a More Definite Statement

The Court at this juncture will not transfer the claims against Morrow and TJ Morrow PC ("the Morrow Defendants") to the Northern District of Georgia because there is no indication from the parties' submissions that the Morrow Defendants either would be subject to personal jurisdiction in that district or would waive their personal jurisdiction defenses. Accordingly, the claims against the Morrow Defendants remain before the Court.

The Complaint alleges the following facts relevant to the Morrow Defendants: Morrow served as general counsel to Hartsfield Capital Securities (Compl. ¶ 42); TJ Morrow PC is "Morrow's business office" (id. ¶ 10); Morrow and Begley met with Plaintiff in Singapore to solicit Plaintiff's investment in a prospective business venture known as Insuragift and to assure Plaintiff they would recover any monies Plaintiff had lost through a previous investment with Hartsfield Capital Securities (id. ¶¶ 44, 47); in the course of their communications, Morrow never disclosed to Plaintiff that he was Hartsfield Capital Securities' general counsel (id. ¶¶ 42, 45); Plaintiff wired $900,000 to an escrow account controlled by TJ Morrow PC (id. ¶ 46); Morrow made numerous false representations to Plaintiff about the Insuragift program, which was never a viable business but rather a vehicle to "plunder" Plaintiff (id. ¶¶ 48-49, 52-55); Morrow misrepresented to Plaintiff amounts paid to vendors out of Plaintiff's funds (id. ¶ 50); and, after Plaintiff became suspicious and demanded return of its $900,000 investment, Morrow met with Plaintiff's representative and refused to return unused funds from the escrow account or

---

Civil Procedure and all claims for fraud must state with particularity the circumstances constituting fraud in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

to produce documentation explaining the manner in which $330,000 of the funds had been depleted (id. ¶ 51).  Plaintiff asserts claims against the Morrow Defendants for common law fraud (count one); breach of fiduciary duty (count two); breach of contract (count four); unjust enrichment (count five); violations of Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") and Rule 10b-5 promulgated thereunder ("Rule 10b-5") (count six); conversion (count seven); and conspiracy (count eight).  The Morrow Defendants have moved to dismiss counts one, four, six and eight and have moved for a more definite statement with respect to counts two, five and seven.[9]

       The Court has reviewed thoroughly all of Plaintiff's factual allegations with respect to the Morrow Defendants.  The Court concludes that the Complaint contains sufficient allegations to set out a plausible claim for violations of Section 10(b) and Rule 10b-5 promulgated thereunder, including allegations as to scienter and loss causation.[10]  The Complaint also contains sufficient allegations to set out plausible claims for fraud, breach of fiduciary duty, breach of contract, unjust enrichment and conversion.  No more definite statement is required to put the Morrow Defendants on proper notice of the claims.  The relevant allegations include circumstantial evidence of the Morrow Defendants' conscious misbehavior or recklessness;[11] the

---

[9]     Count three of the Complaint is limited to defendants Hartsfield Capital Group and Hartsfield Capital Securities.

[10]    The basic elements of a cause of action for securities fraud under Section 10(b) and Rule 10b-5, all of which have been properly pleaded, are "(1) a material misstatement or omission, (2) scienter, (3) a connection with the purchase or sale of a security, (4) reliance . . . (5) economic loss, and (6) loss causation . . ." In re Salomon Analyst Metromedia Litig., 544 F.3d 474, 478 n.1 (2d Cir. 2008).

[11]    To sustain a fraud claim under New York law, "a plaintiff must allege facts that give rise to a strong inference of fraudulent intent.  This strong inference can be

existence of a fiduciary duty owed by the Morrow Defendants to Plaintiff due to their control of an escrow account into which Plaintiff deposited funds;[12] Plaintiff's contractual agreement with the Morrow Defendants related to the $900,000 investment;[13] the Morrow Defendants' unjust enrichment at Plaintiff's expense;[14] and the Morrow Defendants' conversion of Plaintiff's funds.[15]  Plaintiff's conspiracy claim fails, however, and will be dismissed because conspiracy is not actionable as an independent tort under New York law.  Routsis v. Swanson, 26 A.D.2d 67, 71 (1st Dep't 1966).

## CONCLUSION

---

established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." PI Inc. v. Ogle, 932 F. Supp. 80, 84 (S.D.N.Y. 1996) (internal citation and quotation marks omitted).

[12]  Under New York law, "an escrow agent can be held liable for breach of the escrow agreement and breach of fiduciary duty as escrowee." Takayama v. Schaefer, 240 A.D.2d 21, 25 (2d Dep't 1998).

[13]  Under New York law, a claim for fraud is not redundant of a breach of contract claim where, as here, the alleged fraud relates to the defendant's inducement of the plaintiff to enter into the contract, rather than merely to a representation made in the course of performance of the contract. Bridgestone/Firestone Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 20 (2d Cir. 1996).

[14]  To succeed on a claim for unjust enrichment under New York law, Plaintiff must show that: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation marks omitted).

[15]  The common law cause of action for conversion in New York is defined as "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Durow v. General Motors Corp., No. 08 Civ. 085, 2008 WL 1787736, at *3 (W.D.N.Y. Apr. 17, 2008) (citing Vigilant Ins. Co. v. Hous. Auth., 660 N.E. 2d 1121, 1126 (N.Y. 1995)).

Plaintiff's claims against defendants Lovett, Begley, Banzhaf, Reichardt, Thomas Begley & Associates, Hartsfield Capital Group, Argosy Capital Securities (formerly Hartsfield Capital Securities) and Mansell Capital Partners will be severed and transferred to the Northern District of Georgia pursuant to Rule 21 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a). Plaintiff's claims against defendant Assemi will be dismissed with prejudice and Defendant Assemi's counterclaim will be dismissed with leave to replead in this Court. Count eight will be dismissed as against defendants Morrow and TJ Morrow PC. The motions are denied in all other respects.

Dated: New York, New York
August 5, 2009

LAURA TAYLOR SWAIN
United States District Judge

Filed on ECF.

Copies sent by mail to:
Alain Assemi
P.O. Box 111
Wal, chwil - 6318
Switzerland

Thomas Begley
570 Clarinbridge Way
Alpharetta, Georgia 30022

John H. Banzhaf
3071 Lenox Road, Unit 44
Atlanta, Georgia 30324

Delbert D. Reichardt

4040 Inverness Crossing
Roswell, Georgia 30075-4781

Stephan Lovett
3000 Old Alabama Road
Suite 119-308
Alpharetta, Georgia 30022