UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DOVER LIMITED,

        Plaintiff,

-v-                                    No. 08 Civ. 1337 (LTS)(JCF)

T.J. MORROW and TJ MORROW, P.C.,

        Defendants.

-------------------------------------------------------x

## ORDER

        Plaintiff Dover Limited ("Dover" or "Plaintiff") brings this action against Tyron Jon Morrow ("Morrow") and T.J. Morrow P.C., a one-person inactive law firm (the "Law Firm" and, with Morrow, "Defendants"), for breach of contract, breach of fiduciary duty, fraud, unjust enrichment and conversion in connection with an unrealized business venture.

        The following applications are currently before the Court: Plaintiff's motion in limine seeking to strike Defendants' demand for a jury trial on the claims for unjust enrichment and breach of fiduciary duty and to strike certain exhibits; Defendants' March 9, 2012, letter application to dismiss the complaint, asserting that Dover lacks standing to bring this action and that the Court lacks federal diversity jurisdiction to hear the action; and Defendants' motion to dismiss the complaint for lack of federal diversity jurisdiction and to abstain from hearing the case pursuant to Younger v. Harris, 401 U.S. 37, 43-44 (1971). The Court has considered carefully the parties' arguments and submissions. For the following reasons, Defendants' motion and letter application are denied in their entirety, and Plaintiff's motion is granted in part and denied in part.

DISCUSSION

Plaintiff's Motion to Strike Defendants' Jury Demand

Plaintiff's motion to strike Defendants' jury demand is denied as untimely. In its pre-trial scheduling order, this Court required the parties to file and serve any non-dispositive motions no later than thirty days before the final pre-trial conference. The final pre-trial conference was held on February 24, 2012, and Plaintiff's motion to strike the jury demand was not filed until March 9, 2012, two weeks after the final pre-trial conference. The motion, therefore, is untimely.

At the final pre-trial conference, Plaintiff's counsel argued that the Court should grant Plaintiff's application to strike the jury demand despite the application's untimeliness. The Court, without taking a position on whether the motion's untimeliness would be excused, allowed Plaintiff until March 9, 2012, to file its motion. In its motion papers, Plaintiff fails to allege any basis for excusing its untimeliness. Accordingly, Plaintiff's motion to strike the jury demand is denied.

Plaintiff's Motion to Strike Certain Exhibits

Plaintiff moves to strike Defendants' Exhibit X, which appears to be an agreement between Defendants and an entity named IRMG. Plaintiff asserts that the agreement constitutes hearsay and cannot be authenticated. Plaintiff's motion to strike Exhibit X is denied because, since the agreement is proffered as a "verbal act" that "affects the legal rights of the parties," it does not constitute hearsay, Fed. R. Evid. 801(c) (Advisory Committee notes), and Morrow, as a party to the agreement, is likely to be able to authenticate it at trial.

Plaintiff moves to strike Exhibit Y.1, a draft memorandum regarding Progressive SA notes, and Exhibit Y.2, a memorandum regarding the Insuragift program, on the grounds that

these documents were never produced during discovery and cannot be authenticated, and that Morrow's possession of these documents belies Morrow's earlier representation to Magistrate Judge Francis that he "does not possess any documents relating to draft contracts for offering." Defendants have produced a transcript of Morrow's deposition testimony indicating that Morrow produced these exhibits during discovery, and Plaintiff has not proffered evidence to show that the documents produced during Morrow's deposition are not the same documents as Exhibits Y.1 and Y.2. Morrow, as the purported author of both memoranda, is likely to be able to authenticate them at trial. The memoranda are not documents relating to draft contracts for offering such that Morrow's possession of them would contradict his earlier representation to Judge Francis. Accordingly, Plaintiff's motion to strike Exhibits Y.1 and Y.2 is denied.

Plaintiff moves to strike Exhibits Z.1 and Z.3, emails from Morrow to Thomas Begley, on the ground that the emails were not produced during discovery. However, Morrow's deposition transcript indicates that these emails were produced during the deposition, and Plaintiff has not proffered evidence that the emails produced during the deposition are not the same emails that are now being proffered as Exhibits Z.1 and Z.3. Therefore, Plaintiff's motion to strike them will be denied. Plaintiff also moves to strike Exhibit Z.2, an email from Geoffrey Etherington to Morrow, also on the ground that it was not produced during discovery. Although Defendants allege that this email was produced during Morrow's deposition, the portion of the transcript cited by Defendant refers to an email from Thomas Begley, not Geoffrey Etherington. Because Defendants have failed to support their allegation that they produced Exhibit Z.2 during discovery, the motion to strike the exhibit is hereby granted.

In their briefs, both parties have indicated that the copies of Exhibits Z.1, Z.2 and Z.3 that were produced to Plaintiff show, at the bottom margin of each printed page, the date on

which the documents were printed and the name of the computer from which they were printed. Furthermore, Defendants have produced to the Court only electronic copies of their exhibits, and these three exhibits, when printed by the Court, show the date on which they were printed by the Court. This information was not part of the original email transmission and is not relevant to the parties' claims and defenses. To avoid confusion at trial, Defendants are hereby ordered to produce to Plaintiff and the Court, and to prepare for trial, hard copies of Exhibits Z.1 and Z.3, without any information in the margin showing the date on which the copies were printed, the name of the computer from which they were printed or any other information in the margin that was not part of the original email transmission.

Plaintiff moves to strike Exhibits Z.4 and Z.5 as irrelevant. Defendants have failed to offer any basis for finding these exhibits to be relevant to this action and, therefore, Plaintiff's motion to strike them will be granted.

Defendants' Letter Application and Motion

In their March 9, 2012, letter to the Court, Defendants contend that Dover lacks standing to assert claims against them because, contrary to the allegations in the complaint, Dover was not actually involved in the alleged transaction with Defendants. Whether Dover was involved with Defendants and interacted with Defendants as alleged in the complaint are questions of fact for the jury, and Defendants' denials of the allegations do not constitute a basis for finding that Dover lacks standing. The application to dismiss Dover's claims for lack of standing is denied.

In their letter, Defendants assert that the Court lacks jurisdiction to hear this action because the relief sought against Morrow is "clearly below $75,000," which is the threshold amount required of claims under federal diversity jurisdiction. 28 U.S.C. § 1332.

Dover is seeking at least $880,000 from Morrow and his Law Firm, so Dover's claims satisfy the threshold, and this aspect of Defendants' application is denied.

In their motion and their March 9 letter, Defendants assert that the Court lacks federal diversity jurisdiction to hear Dover's claims because the parties are not diverse. Defendants assert that diversity does not exist in this case because Morrow and his Law Firm are both citizens of New York. Defendants also assert that diversity does not exist because Plaintiff is "a corporate entity [that] did business in New York of its own free will and as such does represent a truly non-diverse person." (Defs.' March 9, 2012, letter p. 2.)

For the purposes of federal diversity jurisdiction under section 1332, "complete diversity" exists when "each defendant is a citizen of a different State from each plaintiff," Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original), and a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1) (West 2006). Here, the citizenship of each defendant—Morrow and his Law Firm—is different from the citizenship of the sole plaintiff, Dover. Dover is a citizen of Hong Kong, and Dover's conducting of business in New York is irrelevant to the question of Dover's citizenship. Accordingly, complete diversity exists, and Defendants' motion and March 9 letter application seeking to dismiss this action for lack of federal diversity jurisdiction are denied.

In their motion, Defendants assert that, pursuant to Younger v. Harris, 401 U.S. 37, 43-44 (1971), this Court must abstain from hearing Plaintiff's claims because an action was filed in the Supreme Court of the State of New York, "encompass[ing] the same facts, occurrences and people as this action." (Defs.' Mem. in Support p. 7.) The Younger abstention doctrine "requires federal courts to abstain from taking jurisdiction over federal constitutional

claims that involve or call into question state proceedings." Finnan v. Ryan, 357 Fed. App'x 331, 333 (2d Cir. 2009). Because the instant claims are not federal constitutional claims, the Younger abstention doctrine does not apply, and Defendants' motion for the Court to abstain from hearing the case on that basis is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike the jury demand is denied. Plaintiff's motion to strike certain exhibits is granted with respect to Exhibits Z.2, Z.4 and Z.5, and denied in all other respects. Defendants' motion and March 9, 2012, letter application are denied in their entirety.

Defendants must submit to the Court and to Plaintiff by **Wednesday, April 25, 2012**, hard copies of each of their documentary exhibits to be offered at trial. As required by section six of the Court's May 5, 2008, Pre-trial Scheduling Order, the exhibits must be tabbed and included in a binder for easy reference.

This Order resolves docket entry number 137.

SO ORDERED.

Dated: New York, New York
April 17, 2012

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge